■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOSEPH CONIGLIARO, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered May 14, 1963 after a jury trial, convicting him of manslaughter in the second degree, and imposing sentence. Judgment reversed on the law and new trial granted. The findings of fact implicit in the jury's verdict are affirmed. The prosecutor's repetitious references at the trial, during examination of a police officer and during his summation, to the fact that defendant had refused to make a statement after he had submitted himself to arrest deprived him of a fair trial. Although the trial court: (a) correctly struck out testimony that defendant had refused to make such statement; (b) correctly excluded further testimony of that nature; and (c) correctly instructed the jury during the People's summation to disregard the prosecutor's remarks on the subject, it may not be said on the present record that the damage was thereby eradicated (see *People* v. *Bianculli,* 9 N Y 2d 468; *People* v. *Petersen,* 4 N Y 2d 992; *People* v. *Carborano,* 301 N. Y. 39). Defendant having claimed self-defense, it was correct for the trial court, in the light of the evidence, to state to the jury the rules of self-defense as set forth in the following provisions of the Penal Law: section 42; subdivision 3 of section 246; and the portion of section 1055 which deals with justifiable homicide committed by one other than a public officer or someone acting by his command. However, the court should have gone further: It should have distinguished sections 42 and 246 from section 1055; it should have explained the difference in these sections; and it should have instructed the jury that their determination as to which of such sections should be selected as applicable depended upon what they found with respect to the defendant's situation at the time he inflicted the mortal blows. It also should have been explained to the jury that, if they should find that defendant had reasonable ground to apprehend a design on the part of the deceased to commit a felony, or to inflict great personal injury upon him, and if there was imminent danger that such design might be accomplished; or, if they should find that the defendant was actually resisting an attempt to commit a felony upon him, then they were required to apply section 1055 which states that, under such circumstances, homicide is justifiable. The explanation should have continued that, if they did not find that defendant was in any such circumstances, they were then required to apply sections 42 and 246. Under the latter two sections the claim of self-defense would have to be rejected if the jury also should find that the asserted self-defense was more than necessary to prevent the injury which the deceased was inflicting or was about to inflict upon the defendant. To this extent the trial court failed to comply with the rule that requires the marshalling of the evidence (*People* v. *Odell,* 230 N. Y. 481, 488). The jury indicated a confusion in their minds when they returned from their deliberations to ask for a further instruction on the law of self-defense, probably in view of the different situations contemplated by the self-defense provisions of sections 42 and 246 as contrasted with those in section 1055. However, in response to such request for enlightenment, the trial court in substance merely reiterated the instruction that he had given on the main charge. Under all the circumstances disclosed by this record, the court should not have answered the jury in the same words, especially since such words on the main charge had obviously failed to convey a clear understanding of the law on this subject (see Code Crim. Pro., § 427; *People* v. *Miller,* 6 N Y 2d 152). Ughetta, Christ, Hill and Rabin, JJ., concur; Beldock, P. J., dissents and votes to affirm the judgment, with the following memorandum: Defendant, a former amateur prize fighter, killed his brother-in-law on Sep-

tember 4, 1961 by striking him with a heavy pipe. Defendant claimed self-defense. The proof of defendant's guilt was overwhelming: (1) he fled from his wife and four children and remained absent for a month after the affray; (2) he was not hurt at all and received no medical treatment as a result, whereas the decedent suffered a skull fracture and brain hemorrhage from the blows administered by the defendant; and (3) the defendant was standing when he struck decedent, who was lying prostrate on the sidewalk. While it was error for the prosecutor to refer to defendant's refusal to make a statement to the police after his arrest, the error was not sufficiently prejudicial to require reversal. Moreover, the trial court correctly ruled that the evidence was inadmissible and instructed the jury to disregard the prosecutor's statement. Under these circumstances, judgments of conviction have been affirmed, despite error at the trial (*People* v. *Broady,* 5 N Y 2d 500, 516–517). Nor was the repetition of the charge with respect to self-defense, after the jury asked for a definition of the law of self-defense, sufficient to warrant reversal. It was insufficient, first because the facts showed there was no self-defense, and second because there was no exception taken.