■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. DOLLREE MAPP and ALAN LYONS, Appellants.— Appeal by each defendant from a separate judgment of the Supreme Court, Queens County, both rendered May 26, 1971, which judgments convicted them, respectively, of criminal possession of a dangerous drug in the first degree, upon a jury verdict, and sentenced them to a prison term of 20 years to life. Judgments reversed, on the law, and new trial ordered. Four instances involving the admission of testimony during

the rebuttal evidence of the People compel this reversal. Following the presentation of the People's direct case both defendants took the stand in their own defense. During the cross-examination of defendant Lyons he denied having recruited one Harry Johnson to sell drugs for defendants. Defendant Mapp, during her cross-examination, also denied having employed Johnson to sell drugs. The People called Johnson as a rebuttal witness and were permitted to elicit from him testimony that Lyons had recruited him to sell drugs for Mapp and that he (Johnson) had done so. The testimony was admitted by the trial court on the ground that it related to the credibility of defendants. The second instance occurred after Mapp, during cross-examination, denied she had traveled to Cleveland to hire a named gunman to shoot one of the detectives in the case. In rebuttal the prosecutor called another detective who testified he had followed a car driven by the man Mapp had denied hiring and, after Mapp left the car and it was stopped by the police, the man fired two shots at the detective. A third instance, wherein the court permitted the People on rebuttal to contradict testimony by defendants, occurred after Mapp, on cross-examination, had denied that stolen property was seized by the police from her apartment on a certain date pursuant to a search warrant. Despite her denial that the goods were stolen the People were permitted to call a detective in rebuttal to testify that the articles he had seized had been identified as stolen. The fourth instance occurred after Lyons, on cross-examination, had testified that on January 13, 1970 he was in Cleveland, Ohio. The People were permitted to produce a police officer who testified that on that date he purchased 25 glassine envelopes from Lyons containing a white powder. All four instances noted above involve a violation of two well established rules of evidence. It has long been held that when the credibility of the defendant as a witness is assailed by compelling him upon his cross-examination to give testimony which, although competent for purposes of impeachment, is collateral to the main issue, the prosecution, at whose instance the collateral evidence is elicited, is bound thereby and has no right to contradict it (*People* v. *De Garmo,* 179 N. Y. 130, 135). Here, all four instances involve attempts to impeach a defendant on collateral issues. Despite the denial that Johnson was hired, the People adduced his testimony that he had been hired. Despite Mapp's denial that she had hired a certain man to kill a detective, the People adduced evidence that she had been with that man in New York and that the man had shot at a detective. Despite Mapp's denial that she had possessed stolen property, the People were permitted to adduce evidence that she had possessed such property. Finally, despite Lyons' claim that he was in Ohio on a certain date, the People produced a witness who testified he bought something from Lyons in New York on that date (the conclusion that the something was heroin is inescapable). The rebuttal adduced by the People was not material to the main issue, which was whether defendants had possessed more than 16 ounces of heroin. Rather, it involved collateral issues and thus the *De Garmo* (*supra*) rule prohibited the People from contradicting the answers received from defendants on cross-examination (see *People* v. *Schwartzman,* 24 N Y 2d 241, 246). Aside from the violation of the *De Garmo* rule, the rebuttal evidence also violated the rule that evidence of other crimes is inadmissible if offered for no purpose other than to raise an inference that the defendant is of a criminal disposition and, therefore, likely to have committed the crime charged (*People* v. *McKinney,* 24 N Y 2d 180, 184; *People* v. *Schwartzman, supra*). Here, the rebuttal indicated that defendants had committed several other crimes which were not charged in the indictment. If, of course, the evidence of other crimes (other than convictions) can be brought within the exceptions to the rules in *People* v. *Molineux* (168 N. Y. 264), then it will be admissible as relevant to an issue in

the case other than the defendant's credibility or criminal bent or character (*People* v. *Schwartzman, supra*, p. 248). At bar, none of the exceptions apply and thus it must be concluded that the rebuttal merely served to indicate that defendants were dealers in drugs and likely to have committed the crime charged. Rabin, P. J., Hopkins, Munder and Brennan, JJ., concur; Benjamin, J., dissents and votes to affirm, with the following memorandum: In my opinion, two of the instances of proof of other crimes (cited by the majority as errors requiring reversal) are not errors at all, as they fall within the exceptions stated in *People* v. *Molineux* (168 N. Y. 264, 293–310). I agree that the other two are errors, but they should be overlooked as immaterial, since the proof of guilt was overwhelming and it seems clear, beyond a reasonable doubt, that they did not contribute to the convictions. And I would reach that same conclusion, for the same reason, even if all four of the alleged errors were in fact errors.