■　THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. TIMOTHY FORTT, Also Known as TIMOTHY PORTER, Appellant.— Appeal by defendant from a judgment of the County Court, Westchester County, rendered June 14, 1972, which convicted him of robbery and unlawful imprisonment, both in the first degree and grand larceny and kidnapping (two counts), both in the second degree. Judgment affirmed. No opinion. Hopkins, Acting P. J., Christ and Brennan, JJ., concur; Martuscello and Shapiro, JJ., dissent and vote to reverse and to grant a new trial with the following memorandum: In our opinion the trial court unduly restricted defense counsel in his cross-examination of the complaining witness who was the only prosecution witness to the alleged crime. Specifically, defense counsel sought to cross-examine with reference to People's Exhibit 3 for identification which was a statement given by the complainant to the White Plains police on February 5, 1971. That statement reads as follows: "I wish to state that in the early part of January 1971 while working in the Mail room at Pepsico on Purchase Street in Harrison I was approached by one of the employees Ricky James Alexanders. Ricky at this time started talking about my run to the bank every day in White Plains. Ricky then stated, he has friends in New York who could pull off a stick up in which the money would be taken from me when I left the bank. I then said look I don't want any money you do what you want as long as I don't get hurt. Ricky then assured me nothing would happen to me as long as I was cool. I took this to mean that if I didn't resist I would not be hurt. Ricky then said to keep it quiet and I walked away from him. I also wish to state that I knew when I was held up that this was most likely one of Ricky friends and if I kept my mouth shut nothing would happen to me. When the subject had me tied up in the car he said to me be quiet nothing's going to happen to you and if you co-operate you will get part of it. I then said no I don't want any money just don't hurt me. I also wish to state that Ricky came to me a few days after the hold up and told me to be cool saying he had been picked up by the police and and ·[*sic*] as far as he was concerned he was in the clear. I also wish to state I did not receive any money from the hold up, and I swear this to be the truth so help me God. I have read the above and have had it read to me and I swear it is the truth." The trial court denied defense counsel the opportunity to ask the following questions of complainant: 1. Whether he and Ricky Alexander had planned the robbery; 2. Whether he had any prior knowledge or suspicion that this robbery would occur; 3. Whether he told the police on February 1, 1971 that he had any prior knowledge of some of the facts surrounding this robbery; 4. Whether he had ever told Ricky Alexander prior to this robbery and in reference thereto, "You can do whatever you want as long as I don't get hurt"; 5. Whether Ricky Alexander prior to the robbery knew his

schedule; 6. Whether Ricky Alexander had ever told him, prior to the date of this robbery, that he (Ricky Alexander) knew someone in New York City that could pull a stick-up; 7. Whether Ricky Alexander had ever told him (the witness) that he would get a share of this robbery. We feel the trial court committed reversible error in refusing to allow the foregoing questions to be asked. In our opinion, the answers to such questions might have revealed the witness to have been an accomplice on the robbery, and as such, his testimony would have had to have been corroborated. There was no corroboration in this case. Finally, in passing, we express our disapproval of that part of the Trial Judge's charge wherein he informed the jury of the composition of the Grand Jury and the number of votes needed to return an indictment inasmuch as such instruction to the jury is completely unnecessary and possibly misleading.