THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ISMAEL SANTIAGO, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered December 13, 1972, convicting him of three counts of criminal possession of a dangerous drug in the fourth degree, and imposing sentence. Judgment reversed, on the law and the facts, and indictment dismissed. Based on the record before us, we do not find the requirement of knowledgeable possession to have been proven beyond a reasonable doubt. Actual or constructive possession with actual knowledge of the nature of the possessed substance is required (*People* v. *Reisman,* 29 N Y 2d 278; *People* v. *Patello,* 41 A D 2d 954). There was no actual possession in this case, and the proof of constructive possession was at best, ambiguous (cf. *People* v. *Handford,* 40 A D 2d 529). Defendant was an employee of the restaurant in which drugs were found. During the course of a search pursuant to a validly issued search warrant the contraband was discovered in a plain brown paper bag resting in open view on a kitchen shelf. The evidence failed to establish defendant's control of the premises, and there thus arose no inference of his unlawful possession of the narcotics (*People* v. *Schriber,* 34 A D 2d 852). Moreover, " the logical impact of the evidence " fails to establish defendant's knowledge of the contents of the bag (*People* v. *Patello, supra,* p. 954; *People* v. *Reisman, supra*). Under the circumstances here disclosed, we do not reach the sufficiency of the affidavit upon which the search warrant was issued, since the judgment must be reversed and the indictment dismissed. Shapiro, Acting P. J., Cohalan and Brennan, JJ., concur; Benjamin and Munder, JJ., dissent and vote to affirm.