■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAMUEL MARIABLE, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered February 25, 1975, convicting him of arson in the second degree and three counts of assault in the first degree, upon a jury verdict, and imposing sentence. Judgment affirmed. We find that there were three errors committed during the trial. The prosecutor made the following inquiries of the defendant-appellant upon cross-examination: "Q. Now, when Mr. Bray [a prosecution witness] testified that [he] saw you at the Prospect Park Station pouring what looked like gasoline on a booth, he was lying, is that correct? * * * Q. And when Mrs. Jones [the complainant] testified that you poured gasoline on the booth and threw a match and set the booth on fire, she is also lying? * * * Q. Now, Mr. Mariable, when Police Officer Hawley testified that he saw you at 8:30, 9 o'clock, and you came up to him and told him you set Prospect Park on fire, he was also lying, is that right? * * * Q. Mr. Mariable, all three of those witnesses who came in here and took an oath, they are all lying, is that correct?" The prosecutor's phrasing of the questions was improper in that he forced the defendant to characterize the prosecution witnesses as liars. Further, during summation, the prosecutor compounded this error by improperly vouching for his own witnesses (see *People v Figueroa,* 38 AD2d 595). Lastly, in his charge to the jury, the Trial Judge erroneously referred to the composition of the Grand Jury and the number of votes needed to

return an indictment (see *People v Fortt,* 35 NY2d 921, 922, revg 42 AD2d 859 on the dissenting memorandum of Justices Martuscello and Shapiro; *People v Williams,* 57 AD2d 876). However, in view of the overwhelming evidence of guilt presented in this case, we hold that these errors were harmless (see *People v Crimmins,* 36 NY2d 230). Hopkins, J. P., Shapiro, Hawkins and Suozzi, JJ., concur.