■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PHILLIP GOGGINS, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered August 13, 1975 (the date on the clerk's extract is October 8, 1975), convicting him of criminal sale of a dangerous drug in the third degree (two counts, upon a jury verdict, and imposing sentence. Judgment reversed, on the law and as a matter of discretion in the interest of justice, and new trial ordered. The defendant's prior conviction was reversed and he was granted a new trial *(People v Goggins,* 42 AD2d 227, affd 34 NY2d 163, cert den 419 US 1012). The issue of a mistaken identification of the defendant is critical in the case, as was pointed out in the opinions written on the previous appeals (see *People v Goggins,* 42 AD2d 227, 229, affd 34 NY2d 163, 173, *supra).* After some difficulty in producing the informant whose testimony had been directed on the prior appeals, the prosecution adduced proof which implicated the defendant as the seller in two drug transactions. The defendant testified that he was working at his regular employment on both days and had not been present at the bar where the sales were said to have been made. On cross-examination he testified that he had never been in the bar before the day of his arrest— some four days after the last alleged sale. The prosecution, in rebuttal, called two witnesses who testified, over objection, that they had seen the defendant at the bar on various, unspecified dates before the sales, though they could not testify that the defendant had been present in the bar on the days of the sales. The admission of that testimony was error. The general rule is that the cross-examiner is bound by the answers of the witness concerning collateral matters *(People v De Garmo,* 179 NY 130, 135; Richardson, Evidence [Prince, 10th ed], § 491, p 477). Here, whether the defendant had ever been in the bar prior to his arrest was collateral to the issue of whether he had in fact sold drugs on the days in question. The rebuttal testimony did not meet the exception to the general rule, which permits evidence relevant to some issue in the case other than credibility; nor was it independently admissible to impeach the witness (see *People v Schwartzman,* 24 NY2d 241, 245; cf. *People v Mapp,* 39 AD2d 968, 969; *People v Eanes,* 43 AD2d 744). The motive of the prosecution in adducing the testimony was disclosed in its summation when the defendant's credibility was attacked by reference to the conflicting statements. We note, too, that the prosecutor, in cross-examining the defendant, improperly required him to say whether certain witnesses for the prosecution had been lying or telling the truth (see *People v McDowell,* 59 AD2d 948, 949; *People v*

*Mariable,* 58 AD2d 877). Furthermore, the prosecutor, in summing up to the jury, repeatedly called the defendant a liar, which, under the circumstances, was an improper tactic (cf. *People v Shanis,* 36 NY2d 697; *People v Kane,* 57 AD2d 575). The combination of these errors deprived the defendant of a fair trial and compels a new trial. Hopkins, J. P., Damiani, Titone and Rabin, JJ., concur.