■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH MASSAMILLO, Appellant.—Judgment, Supreme Court, Bronx County, rendered February 4, 1977, convicting defendant of one count of criminal sale of a controlled substance, first degree, reversed, on the law, and the cause remanded for a new trial. Defendant was charged with two counts of criminal sale of a controlled substance in the first degree, one count of criminal sale in the second degree, and with six related counts of criminal possession of a controlled substance in various degrees. The trial court submitted only the three sales counts. Defendant was convicted on the two counts charging criminal sale in the first degree. The defense to all counts charged was entrapment. Some time after the jury retired to deliberate, it sent a note to the court requesting "clarification on the law concerning entrapment". In response thereto, the court reread his original charge on the subject. Later that evening, the court suggested to the jury that they suspend deliberation until the following morning. In the colloquy which ensued, one of the jurors commented that there was "a lot of misunderstanding" about the instructions on entrapment. In response thereto, the court informed the jury that they would suspend for the night and that when they reassembled the next morning, he would recharge them on the law of entrapment. Despite the court's statement that he would do so, he did not recharge the jury the next morning on the issue of entrapment. At 2:50 P.M. the jury returned a verdict of guilty on the two counts charging criminal sale in the first degree and acquitting him on the count charging criminal sale in the second degree. Thereafter, the court set aside the conviction on one of the counts of criminal sale in the first degree on the ground that jurisdiction to try the defendant on that count did not reside in Bronx County. The repeated requests of the jury for enlightenment on the law of entrapment together with the recorded comment by a juror on the occasion when they were instructed to suspend deliberation for the night, makes it obvious that the jurors were perplexed with respect to the law which they were required to apply to the facts found by them. In the circumstances presented by this case, where there was substantial evidence in support of a defense of entrapment, mere rereading of the original charge on the first day of deliberation followed by the failure the next morning to reinstruct them, as promised, prejudiced defendant and deprived him of a

fair trial *(People v Miller,* 6 NY2d 152; *People v Conigliaro,* 20 AD2d 930). Inasmuch as a new trial is required, it is sufficient to say of the other issues raised by defendant that we have examined them and found them to be without merit. Concur—Birns, J. P., Sandler, Bloom, Lupiano and Silverman, JJ.