■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTERO LOPEZ, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered August 4, 1976, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree, upon a jury verdict, and imposing sentence. Judgment modified, on the law and as a matter of discretion in the interest of justice, by reversing the conviction of criminal sale of a controlled substance in the third degree and the sentence imposed thereon. As so modified, judgment affirmed and new trial ordered with respect to the fourth count of the indictment charging criminal sale of a controlled substance in the third degree. Defendant was indicted for the sale and possession of a controlled substance in connection with two alleged sales of heroin by defendant to an undercover police officer on August 26 and September 4, 1975. The only controversy which evolved during the course of trial was whether defendant acted as the agent of the undercover police officer. On this question, the jury heard two witnesses, the police officer who bought the narcotics and defendant who transferred them. Since their testimony differed in most respects, the real issue in the case became one of credibility. The jury subsequently found defendant not guilty of criminal sale but guilty of criminal possession with respect to the August 26 transaction, and guilty of criminal sale with respect to the September 4 transaction. As the result of the inconsistencies between defendant's testimony and that of the undercover officer, the prosecutor repeatedly asked defendant whether it was his position that the officer had lied. A similar question was even posed by the trial court. During summation the prosecutor commented that the conflicting versions of events indicated that someone was lying. Thereafter, the prosecutor improperly bolstered the testimony of the prosecution witnesses by stating that police officers who put their lives on the line would not come into court and lie. This court has repeatedly condemned questions and comments of this sort (see, e.g., People v Mariable, 58 AD2d 877; People v Perez, 69 AD2d 891; People v Webb, 68 AD2d 331). In addition to the foregoing, the trial court erred when, in response to a request for enlightenment on "sale" and "agency defense", it merely reiterated the instruction given in the main charge. Where defendant's guilt turned on whether he was an agent of the police officer, the court should not have answered the jury in the same words, especially since such words in the main charge had failed to convey a clear understanding of the law on this subject (see People v Conigliaro, 20 AD2d 930; People v Miller, 6 NY2d 152).

In the absence of overwhelming evidence of guilt with respect to the transaction of September 4, the combined effect of the cited errors requires a reversal and new trial with respect thereto. However, the conviction for possession in connection with the August 26 transaction must be affirmed. The evidence of possession is overwhelming since, in addition to police testimony, defendant himself admitted to possessing heroin on that date. Hopkins, J. P., Damiani, O'Connor and Rabin, JJ., concur.