THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALPHONZO LAWSON, Appellant.—Appeal by defendant from a judgment of the County Court, Orange County, rendered May 3, 1977, convicting him of criminal sale of a controlled substance in the first degree, and criminal possession of a controlled substance in the first degree, upon a jury verdict, and imposing sentence. Judgment reversed, as a matter of discretion in the interest of

justice, and new trial ordered. Defendant's conviction was the result of a sale of narcotics made to an undercover police officer. At trial, the defendant raised the defense of entrapment. Although guilt was established by legally sufficient evidence, we are constrained to reverse the judgment of conviction because the defendant was denied a fair trial. During the charge on entrapment the trial court improperly instructed the jury to first consider the merits of that defense and then, if it was rejected, consider the guilt or innocence of the defendant (see *People v Quitsch,* 64 AD2d 917; *People v Johnston,* 47 AD2d 897). The court also erred when, in response to a jury request for clarification of the law with respect to entrapment it merely reiterated the language of the main charge (see *People v Miller,* 6 NY2d 152; *People v Lopez,* 73 AD2d 676). The court further prejudiced the defendant by thrice instructing the jury that his criminal record could be used to assess his credibility when the only prior brush with the law revealed at trial involved a traffic infraction. Defendant was also prejudiced by the prosecutor's comments on summation. The prosecutor implied that the defendant was guilty of uncharged crimes by describing him as a drug dealer operating out of New York City and by submitting to the jury that the defendant had created his record company as a front and to avoid paying taxes. Although the defense failed to make objection to either the charge to the jury or the prosecutor's summation, we find their total effect to be so prejudicial as to require a new trial in the interest of justice (see CPL 470.15, subd 6, par [a]). Hopkins, J. P., Lazer, Gibbons and Rabin, JJ., concur.