THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLEVELAND BROWN, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered October 23, 1978, convicting him of robbery in the second degree (two counts) and assault in the third degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law and as a matter of discretion in the interest of justice, new trial ordered, the fourth count of the indictment, charging assault in the third degree, is dismissed and the first count of the indictment, charging robbery in the second degree shall be deemed amended to charge robbery in the third degree. The People have conceded on appeal that the jury's original verdict of not guilty of the fourth count of the indictment charging assault in the third degree was not inconsistent with the finding of guilt on the charge of robbery in the second degree (Penal Law, § 160.10, subd 2, par [a]), and should have been recorded. The People have also conceded on appeal that the evidence at trial was insufficient to establish robbery in the second degree on the theory that the defendant was "aided by another person actually present" (Penal Law, § 160.10, subd 1). Among the numerous instances of improper and prejudicial trial tactics employed by the prosecutor were his persistent cross-examination of the sole defense witness as to whether the People's witnesses were lying when they identified defendant as the attacker; his request, made in the jury's presence, to read said witness his constitutional rights before the defendant conducted his direct examination; his statement in the People's summation that the defense witness had lied; and his suggestion that one of the People's witnesses (who identified the defendant at trial) was worthy of belief simply because he may have exposed himself to some unnamed danger by appearing in court to testify against the defendant.

Such tactics resulted in a trial which was checkered with a pattern of prejudice, and are precisely the kinds of prosecutorial misconduct which we have all too often had occasion to condemn (see, e.g., *People v Webb,* 68 AD2d 331; *People v Goggins,* 64 AD2d 717; *People v Davis,* 63 AD2d 685; *People v Mariable,* 58 AD2d 877; *People v Lopez,* 73 AD2d 676). Moreover, in view of the fact that the issue of the assailant's identity and the accuracy of the in-court identifications of defendant were closely contested, we find that the proof of defendant's guilt was not so overwhelming as to preclude the significant probability that the jury would have acquitted defendant had it not been for the errors which occurred (cf. *People v Conner,* 69 AD2d 908). Additionally, we note in passing that, on the record before us, the issue of causing physical injury was a question of fact which was properly submitted to the jury in connection with the second and fourth counts of the indictment (cf. *Matter of Philip A.,* 49 NY2d 198, 200). Damiani, J. P., Gibbons, Margett and Martuscello, JJ., concur.