AD2d 575). Accordingly, the matter is remitted to County Court for a *de novo* hearing to be held before a Judge other than the one who presided at the original proceeding. Lazer, J. P., Mangano, Gibbons and Cohalan, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DOMINICK DELLEGRAZIE, Appellant. — Appeal by defendant, as limited by his motion, from a sentence of the Supreme Court, Kings County, imposed July 24, 1978. Sentence modified, as a matter of discretion in the interest of justice, by deleting therefrom the provision that "payment of restitution and the fine are to be completed within 90 days". As so modified sentence affirmed, the defendant is directed to pay the balance due in 10 equal monthly installments, and the matter is remitted to Criminal Term to fix the amount of each installment and dates on which they are to be paid. The sentence was excessive to the extent indicated. Lazer, J. P., Mangano, Gibbons and Rabin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DOMINICK DELLEGRAZIE, Appellant. — *Pro se* motion by defendant for an "Order Dismissing [his] Plea". Appeal dismissed. The appeal was not properly perfected (see CPL 460.70; 22 NYCRR 670.16, 670.17, 670.18). Lazer, J. P., Mangano, Gibbons and Rabin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EVERTON LAZARUS, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered December 15, 1978, convicting him of manslaughter in the second degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence. Judgment reversed, as a matter of discretion in the interest of justice, and new trial ordered. The conduct of the prosecutrix in forcing the defendant to characterize the testimony of prosecution witnesses, including a policeman and an assistant principal, as either lies or, at least, mistakes, was improper. This court has repeatedly advised prosecutors that this is a practice which will not be tolerated (see, e.g., *People v Perez,* 69 AD2d 891; *People v Webb,* 68 AD2d 331). It was particularly egregious in the instant case where defendant was the sole defense witness and presented a justification defense. All other eyewitnesses, save one, were friends of the decedent. The only witness who testified that defendant made the fatal knife thrust was a friend of decedent's girlfriend. Thus, the issue of credibility was crucial. The prosecutrix attacked the defendants credibility unfairly by the series of questions indicated. In addition, she asked defendant about a prior incident with a knife without making any showing of a good faith basis. Indeed, questioning about a knife possession charge arising out of that same prior incident had been excluded at the *Sandoval* hearing. This behavior was so damaging to the defendant that a new trial is required notwithstanding counsels failure to object. Hopkins, J. P., Gulotta, Margett and O'Connor, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RODGER LEE, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered September 23, 1976, convicting him of four counts of robbery in the first degree, upon a jury verdict, and imposing sentence. Judgment affirmed. Although the defendant's trial was not entirely free of error, we regard any errors which may have occurred as harmless in view of the overwhelming evidence of guilt (see *People v Mariable,* 58 AD2d 877; see, also, *People v Crimmins,* 36 NY2d 230). Damiani, J. P., Gibbons, Gulotta and Weinstein, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANNA L. MASIELLO, Appellant. — Appeal by defendant, as limited by her motion, from a sentence of the Supreme Court, Suffolk County, imposed January 18, 1980.