THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PETER MENZEL, Appellant

The defendant contends that he was deprived of a fair trial as the result of prosecutorial misconduct. In cross-examining the defendant, the prosecutor repeatedly asked him whether it was his testimony that witnesses for the People, with whom his testimony conflicted, had fabricated their stories. Those questions were improper *(see, People v Sykes,* 114 AD2d 478). Nevertheless, in light of the overwhelming evidence of guilt, including the testimony of two eyewitnesses who saw the defendant attack Police Officer Andrew Cherpak, the prosecutor's line of questioning does not arise to the level of reversible error *(see, People v Sykes, supra; People v Brown,* 76 AD2d 932; *People v Lopez,* 73 AD2d 676).

The comments by the prosecutor during his summation with respect to the discrepancy between the charge in the felony complaint (attempted murder) and the charges for which the defendant was ultimately indicted (attempted assault), and that the indictment on these lesser charges does not make it "any less an offense in the eyes of Andrew Cherpak * * * He's the one * * * that faced the knife", were made only in response to the extensive cross-examination of Officer Cherpak on this issue and the reference to that cross-examination by defense counsel in her summation. Under the circumstances, these remarks were not improper. Mangano, J. P., Niehoff, Kooper and Spatt, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PEDRO OSPINA, Appellant

Mangano, J. P., Brown, Rubin and Eiber, JJ., concur.