■ The People of the State of New York, Respondent, v Wayne Brown, Appellant.—Judgment, Supreme Court, New York County (Alfred H. Kleiman, J.), rendered December 20, 1989, convicting defendant, after a jury trial, of murder in the second degree and criminal possession of a weapon in the second degree, and sentencing him to concurrent prison terms

of 20 years to life and 5 to 15 years, respectively, unanimously affirmed. Order of the same court, entered February 9, 1991, denying defendant's CPL 440.10 motion to vacate the judgment, unanimously affirmed.

Their faces painted with black stripes, defendant and Terrence Johnson stood in the middle of 145th Street, assumed combat stances and fired numerous shots at a crowded corner killing a postal police officer.

Taken as a whole, the court's supplemental instructions on accomplice liability for reckless murder accurately conveyed correct legal principles, including the fact that defendant could be found guilty under an acting in concert theory only if he himself acted with the requisite mental state of recklessness (*People v Flayhart,* 72 NY2d 737, 741).

The trial court properly denied defendant's CPL 440.10 motion to vacate his conviction on the ground that the court allowed the jury to take notes during its supplemental instructions. Furthermore, defendant's arguments on direct appeal that the court improperly encouraged the jury to take notes and that the court's cautionary instructions were inadequate are unpreserved for appellate review (CPL 470.05 [2]; *People v Tucker,* 153 AD2d 164, 168, *affd* 77 NY2d 861).

Over defense counsel's objection, the prosecutor improperly implied in his summation that the People's witnesses were worthy of belief because they exposed themselves to danger by testifying in court (*People v Brown,* 76 AD2d 932). However, since defense counsel had lauched a severe attack on the credibility of those witnesses, and because the evidence of guilt was overwhelming, this single error did not deprive defendant of a fair trial (*People v Colon,* 122 AD2d 151, *lv denied* 68 NY2d 810). Defendant's other complaints about the prosecutor's summation are either unpreserved or lack merit. Concur—Carro, J. P., Kupferman, Asch and Smith, JJ.