Petitioner did not, pursuant to CPLR 3122, timely object to the demand for the original 1988 lease and has not shown that the request was palpably improper, as it manifestly was not, the issue of the lease's authenticity having been raised by the parties' papers. Accordingly, we disagree with the IAS Court's denial of respondents' motion for discovery of the original lease for the purpose of ascertaining its authenticity (see, Greico v Albany Ambulette Serv., 232 AD2d 938, 939; cf., Keis Distribs. v Northern Distrib. Co., 226 AD2d 967, 971-972). It is nonetheless unnecessary to vacate the final order. Instead, the receiver, who, we assume, is now in possession of the original lease, is independently to obtain the services of a disinterested forensic expert for a report on this lone outstanding issue. Concur—Sullivan, J. P., Rosenberger, Nardelli, Rubin and Williams, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTIAN PATINOS, Appellant. [672 NYS2d 38] —Judgment, Supreme Court, New York County (John Bradley, J.), rendered June 1, 1995, convicting defendant, after a jury trial, of murder in the second degree, criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree, and sentencing him to concurrent terms of 20 years to life, 5 to 15 years and 2⅓ to 7 years, respectively, unanimously affirmed.

There was legally sufficient evidence of guilt and the verdict was not against the weight of the evidence. The sufficiency and weight of the evidence was not undermined by the verdict of not guilty upon additional counts (People v Gonzalez, 236 AD2d 328, lv denied 90 NY2d 858). We see no reason to disturb the jury's determinations concerning credibility and reliability of identification testimony.

The court's response to the deliberating jury's note was proper, since, read as a whole, it sufficiently conveyed to the jury the required mental state for accessorial liability for murder (see, People v Brown, 182 AD2d 563, lv denied 80 NY2d 828). The court specifically charged that, under a theory of acting in concert, the evidence must establish that defendant had formed the intent to cause the death of the victim "prior to or during the commission of the crime".

The evidence challenged by defendant on appeal as hearsay was properly admitted for relevant purposes other than its truth (*see, People v Ricco*, 56 NY2d 320, 328). In any event, there was no reasonable possibility that the error, if any, could have affected the verdict. Concur—Sullivan, J. P., Rosenberger, Nardelli, Rubin and Williams, JJ.