■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PHILLIP STANFIELD, Appellant. [777 NYS2d 546]—

Kane, J. Appeal from a judgment of the Supreme Court (Teresi, J.), rendered September 25, 2002 in Albany County, upon a verdict convicting defendant of the crime of criminal possession of a controlled substance in the third degree.

Police conducted a narcotics investigation targeting Anthony Buchanan. On the day in question, a detective saw Buchanan emerge from a building and hand defendant a plastic bag containing a substance believed to be crack cocaine, which defendant placed in the rear of his waistband. A short while later, the detective saw Buchanan and defendant return and both enter the same building. Defendant remained near the doorway. The detective saw Buchanan hand defendant a similar plastic bag and defendant again placed it in the rear of his waistband. A search warrant executed later revealed that crack cocaine was secreted in the hallway of that building.

Two other detectives arranged a controlled drug buy between Buchanan and a confidential informant on the same street. They watched Buchanan and defendant approach the informant together. After defendant handed something to Buchanan, Buchanan and the informant engaged in a transaction. The informant then returned to the detectives and turned over a plastic bag containing a chunky white substance later determined to be 19 grams of crack cocaine. When defendant and Buchanan were arrested later that day, Buchanan had the $700 in marked buy money. Defendant did not possess any buy money or drugs.

At trial, defendant was acquitted of one charge and found guilty of one count of criminal possession of a controlled substance in the third degree for knowingly possessing a narcotic drug weighing at least one-half ounce (see Penal Law § 220.16 [12]). After denying his CPL article 330 motion,

Supreme Court sentenced defendant to a term of 8⅓ to 25 years in prison. Defendant appeals.

The conviction was not against the weight of the evidence. In assessing whether the verdict is against the weight of the evidence, we must view the evidence in a neutral light to determine whether a different conclusion would not be unreasonable and, upon such a finding, weigh the probative force of the conflicting evidence (*see People v Bleakley*, 69 NY2d 490, 495 [1987]; *People v Bailey*, 295 AD2d 632, 634 [2002], *lv denied* 98 NY2d 766 [2002]). We will not distinguish between direct and circumstantial evidence in assessing its weight (*see People v Jegede*, 304 AD2d 850, 851 [2003], *lv denied* 100 NY2d 539 [2003]; *People v Labar*, 278 AD2d 522, 522 [2000]). It is undisputed that the substance that the informant turned over to the detectives was crack cocaine weighing over one-half ounce. The only contested element is whether defendant ever possessed that substance. A detective saw defendant and Buchanan, a known drug dealer, approach a building later found to contain large amounts of crack cocaine. While defendant stood in the entranceway furtively glancing up and down the street, in a manner the detective characterized as consistent with being a lookout, Buchanan handed him a white chunky substance which he secreted in the rear of his pants. This transfer was captured on videotape and shown to the jury. Defendant and Buchanan then walked down the street to a prearranged drug buy with the informant. At the appointed place, two detectives testified that they witnessed defendant retrieve a white chunky substance about the size of a golf ball from the rear of his pants. Buchanan and the informant stepped out of view into the vestibule of an adjacent building for 15 to 20 seconds, after which the informant returned directly to the detectives and surrendered the crack cocaine, similar in color and size to the substance the detectives had seen defendant pass to Buchanan. Weighing the possible inferences, the jury could rationally have reached the conclusion that the crack cocaine that the informant turned over to the detectives after buying it from Buchanan was the same substance that defendant passed to Buchanan (*see People v Beverly*, 5 AD3d 862, 865 [2004]). Accordingly, the verdict was not against the weight of the evidence.

Nevertheless, we must remit because Supreme Court improperly denied defendant's repeated requests for disclosure of the informant's identity. While defendant is required to make some initial showing before receiving this privileged information and the issue is generally determined in the trial court's discretion, "the truly crucial factor in every case is the relevance of the

informer's testimony to the guilt or innocence of the accused" (*People v Goggins*, 34 NY2d 163, 170 [1974], *cert denied* 419 US 1012 [1974]; *see Roviaro v United States*, 353 US 53, 60-61 [1957]; *People v Hawkins*, 49 AD2d 181, 185 [1975]). Defendant's main contention is that there was no proof that the crack cocaine turned over to the detectives was the same item allegedly passed from defendant to Buchanan prior to Buchanan's sale to the informant. While two detectives testified to seeing the transfer to Buchanan, one could only identify the item passed as a white substance and the other testified that he could not be sure that the item passed to Buchanan was the exact same item given by Buchanan to the informant. The informant and Buchanan were the only eyewitnesses to both the transfer of an item between defendant and Buchanan and the subsequent transfer between Buchanan and the informant. As the informant's testimony would be directly relevant to defendant's guilt or innocence based on this contested issue, the court abused its discretion in refusing to require disclosure of the informant's identification (*see People v Goggins, supra* at 169-170). On remittal, the People may either reveal the informant's identification before trial or, if they desire to keep the informant confidential, forego prosecuting defendant.

We have reviewed the remaining arguments, including those raised by defendant in his pro se brief. We need not address those arguments as none warrants reversal and the matter is being remitted.

Crew III, J.P., Spain, Carpinello and Lahtinen, JJ., concur. Ordered that the judgment is reversed, on the law, and matter remitted to the Supreme Court for a new trial.