■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK MATEO, JR., Appellant. [786 NYS2d 671]—

Lahtinen, J. Appeal from a judgment of the Supreme Court (Lamont, J.), rendered October 11, 2002 in Albany County, upon a verdict convicting defendant of the crimes of attempted robbery in the first degree and criminal possession of a weapon in the third degree.

Defendant's arguments on appeal include his contention that his conviction was supported by neither legally sufficient evidence nor the weight of the evidence. On the evening of October 24, 2001, John Crowder was approached by three men while walking on Morris Street in the City of Albany. Defendant allegedly grabbed Crowder in a headlock, but was pushed away by Crowder and fell against a car parked in the street. Shots were then fired. A nearby police officer heard the shots and proceeded to the scene, where she saw defendant and Jonathan Hines, as well as Crowder, running on Morris Street. Crowder flagged down the officer and reported that Hines had shot at him. Defendant and Hines were eventually apprehended. Defendant was tried for the crimes of attempted robbery in the first degree and criminal possession of a weapon in the third degree. He was found guilty of both crimes by a jury and sentenced, as a second felony offender, to prison terms of 10½ years on the attempted robbery conviction and 3½ to 7 years on the weapon conviction. Defendant now appeals.

We turn first to the contention that the attempted robbery conviction was not supported by legally sufficient evidence. Our review in such regard is limited to whether, viewing the evi-

dence in the light most favorable to the People, there is any sound line of reasoning supporting the essential elements of the crime (*see People v Thatcher*, 9 AD3d 682, 683 [2004]). An indispensable element of the crime of attempted robbery is an intent to forcibly steal property (*see* Penal Law § 160.15; *People v Miller*, 87 NY2d 211, 214 [1995]). Here, there was no evidence that defendant or the individuals with him made any statement to Crowder demanding property. Moreover, Crowder acknowledged that nothing was taken from him. He did not testify that defendant or those with defendant attempted to reach for or remove property from him. He said that he had a wallet in his pocket, but did not indicate that anyone reached toward his pockets. Crowder stated that he assumed he was being robbed because defendant attempted to place him in a headlock and, when he threw defendant to the ground, defendant stated: "Don't move. You know what this is." Neither placing a person in a headlock nor the reported statement indicates an attempt to remove property from that person. Crowder's subjective belief that the purpose of the confrontation was to remove property is not sufficient when unsupported by any statement or action indicating an intent or effort to actually remove property (*see People v Bass*, 277 AD2d 488, 494-495 [2000], *lv denied* 96 NY2d 780 [2001]; *cf. People v Lopez*, 73 NY2d 214, 220 [1989]; *People v Peralta*, 3 AD3d 353, 356 [2004], *lv denied* 2 NY3d 764 [2004]). Accordingly, the conviction for attempted robbery must be reversed and count five of the indictment dismissed.

There was sufficient evidence, however, to support the conviction of criminal possession of a weapon even though Crowder did not testify to seeing defendant with a gun. The officer who arrived at the scene observed Hines and defendant taking different paths while fleeing. She secured the scene and eventually different guns were found discarded on each separate path. The gun found on the path that defendant pursued was a .380 caliber pistol and, significantly, a magazine for that gun was also found in the vicinity where Crowder had allegedly pushed defendant to the ground. While this was circumstantial evidence, we find it legally sufficient (*see People v Marmulstein*, 6 AD3d 879, 880 [2004], *lv denied* 3 NY3d 660 [2004]; *People v Jackson*, 302 AD2d 748, 749 [2003], *lv denied* 100 NY2d 539 [2003]). Moreover, after weighing the evidence as well as the relative strength of conflicting inferences, we are unpersuaded that the verdict on this charge was against the weight of the evidence (*see People v Stanfield*, 7 AD3d 918, 920 [2004]; *People v Washington*, 4 AD3d 546, 547 [2004]).

Finally, we find no merit to defendant's contention that the

sentence imposed was harsh and excessive or should be reduced in the interest of justice.

Peters, J.P., Carpinello and Mugglin, JJ., concur. Ordered that the judgment is modified, on the law, by reversing defendant's conviction of attempted robbery in the first degree under count five of the indictment; said count dismissed; and, as so modified, affirmed.