■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLARENCE BURGESS, Appellant.—Appeal from a judgment of the County Court of Columbia County, rendered November 12, 1974, upon a verdict convicting defendant of the crimes of rape in the first degree and sexual abuse in the first degree. On August 13, 1974 one Marilyn Brennan, aged 21, had been in a tavern in the City of Hudson, New York, in the company of her sister, where she had several drinks in the space of an hour and a half. As she was leaving the tavern shortly before midnight, she encountered the defendant with whom she was acquainted and they exchanged greetings. She then proceeded to the Columbia high-rise apartments to visit a girlfriend who resided there, and upon arriving at the apartments, remained outside for a short time conversing with friends. She asserts that she was then summoned into the apartment lobby by an unidentified person and, as she entered therein, defendant pushed her into an elevator and took her to a sixth floor apartment where five or six men forcibly raped her. She could not identify her assailants because the apartment was in darkness. After the incident Miss Brennan walked to her home, and then to the police station where she reported the incident and was taken by the police to a hospital for treatment of cuts and bruises. It appears from the record that the complainant went to the police station because she learned that her sister was being detained there, and after complainant arrived, she reported this incident. The defendant's version of what occurred on the night in

question is in sharp conflict with that of the complainant. Admittedly, he met her at the tavern. Defendant, however, testified that he did not see her again that night. According to his testimony, he went to his girlfriend's apartment at the Columbia high-rise project where the rape is alleged to have occurred, and, after arriving there at 11:30 on the night in question, he did not leave until the following morning. Defendant's girlfriend substantiated this alibi. It should be observed that, contrary to the People's contention, this is not a case where the defendant's guilt is overwhelmingly established. There is no testimony that the defendant actually took part in the rape itself, and the complainant testified that she did not know who it was that was having intercourse with her or committing any act (sexual) on her person because, she said: "All the lights were out." While it is possible that defendant's involvement as an accomplice may have been established, it is also possible on this record that the necessary intent for the commission of that crime was lacking, and that the defendant left the apartment prior to the time of the actual rape. The complainant did report the incident to the police shortly after it is alleged to have occurred. It does not appear that she identified the defendant to the police at that time despite the fact that they were well acquainted. Although it does not appear that defendant made any effort to secret himself or to leave the City of Hudson, the record discloses that there was a delay of almost two months before he was arrested. On this record, as a whole, we find that the defendant was deprived of his right to a fair trial. On cross-examination, the prosecutor persisted in delving at length and in detail into the underlying facts of defendant's prior conviction for assault after the defendant had admitted the conviction on direct examination. Again in his summation, the District Attorney alluded to the former conviction as part of his assessment of the defendant's character and reputation. In such a closely contested case we may not regard these matters as harmless errors and, in the interest of justice, a new trial is required *(People v Crimmins,* 36 NY2d 230, 238). Judgment reversed, on the law and the facts, and as a matter of discretion in the interest of justice, and a new trial ordered. Herlihy, P. J., Kane, Koreman, Larkin and Reynolds, JJ., concur.