■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILBUR BOSTICK, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered May 6, 1975, convicting him of criminal sale of a controlled substance in the first and second degrees, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and new trial ordered. The charge to the jury in this case informed it that it could not find that defendant acted solely as an agent of the buyer if he had profited "in any manner" from the transaction. Testimony at the trial established that defendant had received $100 from an undercover police buyer for setting up a drug sale. If the jury had believed that this was defendant's sole profit, it would, under the other facts in this case, have been justified in finding that defendant acted solely as the buyer's agent, even though he profited from the transaction. The charge removed this option from the jury; a new trial is therefore required. Martuscello, Acting P. J., Cohalan, Rabin, Shapiro and Titone, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE BREHM, Also Known as BUD, Appellant.—Appeal by defendant (1) as limited by his brief, from a sentence of the County Court, Suffolk County, imposed May 31, 1974, upon his conviction of sodomy in the first degree (two counts), upon his plea of guilty, and (2) (by permission) from an order of the same court, entered March 17, 1975, which denied, without a hearing, his motion to correct the order of commitment. Sentence and order affirmed. The record on this appeal does not reflect any ambiguity with respect to the maximum sentence promised at plea and that which was imposed. The question of when defendant will be released from prison is controlled by the respective provisions of the Penal Law and lies within the control of the parole board. In light of the crimes charged, the sentence was not excessive. Latham, Acting P. J., Margett, Damiani, Christ and Hawkins, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD M. BRITTO, Appellant.—Appeal by defendant, as limited by his brief, from a sentence of the Supreme Court, Queens County, imposed March 25, 1975, convicting him of attempted burglary in the third degree, upon a plea of guilty, the sentence being an indeterminate term not to exceed four years. Sentence modified, as a matter of discretion in the interest of justice, by reducing it to a one-year term of imprisonment. As so modified, sentence affirmed. Under all of the circumstances of this case, and in the interest of justice, the sentence should be modified as above-indicated. Hopkins, Acting P. J., Cohalan, Rabin, Shapiro and Titone, JJ., concur.