■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LOUISE TODARO, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered May 13, 1974, convicting her of criminal possession of a controlled substance in the third and seventh degrees, upon a jury verdict, and imposing sentence. Judgment reversed, as a matter of discretion in the interest of justice, and new trial ordered. The main issue presented on this appeal is whether, under the circumstances of this case,

there should have been disclosure of a confidential informant's identity and production of the informant for interrogation, *in camera,* before the Trial Judge. The prosecution's key witness, an undercover police officer, testified that, on November 14, 1973, she and the confidential informant were driven by a second undercover police officer to Kingsland and Stillman Avenues, in Brooklyn, where the entrance to a hospital was located. Upon arriving at the hospital, they parked in front of a car by which two men were standing; one of those two men was defendant's husband, Vincent Todaro (Vincent); the other (who was called as a defense witness) was named Holland. The officer and the informant got out of the car and walked towards Vincent and Holland. The officer asked if there was "anything around" and Vincent, in turn, asked whether she was looking for methadone. She replied in the affirmative, whereupon Vincent told her to get into the car next to which they were standing. The officer and the informant got into the rear of the car and Vincent and the driver, Holland, got into the front. Vincent said that "we are going just a few blocks to meet my wife." The second officer, who was said to be the boy friend of the first officer, followed them as they drove away. When they had driven for about five blocks, Holland parked on the right-hand side of the street; the second officer parked his car about two car lengths behind them. Vincent then got out of the car, walked across the street and entered a restaurant. When Vincent came out of the restaurant he was accompanied by his wife (defendant Louise Todaro), who was holding a child. They came over to the car in which the officer, the informant and Holland had remained and, after a brief conversation during which they were standing near the car, defendant reached into her handbag and handed Vincent a vial. Vincent then leaned into the car and told the officer that he had a "tab and a half" and that it would cost $10. Defendant interrupted Vincent and said, "Who are these people? I don't know them", to which Vincent replied, "It's all right. I know them." Vincent gave the officer the vial containing the methadone and, as she was about to pay Vincent, defendant placed her hand into the car through the window, motioned with her fingers, and said to the officer "Well, give me the money; give it to me"; the officer gave defendant the money. The officer testified that the informant did not participate in the transaction. The second officer, who remained in his car during that time, testified that he observed defendant place her hand into the car and withdraw it; however, he did not overhear the. conversation in the other car. It should be noted that the vial in evidence, which the officer testified was the same one which had been given to her by Vincent, had a label on it which bore the name "Louise Rodriquez" (Vincent and defendant's surname is Todaro). At the conclusion of the People's case, defense counsel made a motion, which we are treating as having been one to direct the District Attorney to divulge the identity of the informant and to permit his interrogation, *in camera,* before the Trial Judge. In support of that motion, defense counsel implicitly argued that there were weaknesses in the prosecutor's case. Defense counsel's argument, however, was essentially based upon conjecture and, consequently, the motion was denied; an exception was taken. Defendant then presented her version of the alleged crime. She testified that, on the morning in question, Vincent was intoxicated and, as a result, she took his methadone from him for his own benefit. Later that morning Vincent met defendant in a restaurant and asked for his methadone; defendant replied, "Vincent, what do you want your methadone for? You are in no condition for it." When an argument ensued between defendant and Vincent, the owner of the restaurant told them to leave. They left the restaurant with their baby daughter,

who was with defendant at the time. Outside the restaurant, Vincent insisted that defendant give him his methadone. Consequently, as they were walking across the street towards the car, defendant gave him his "medicine" (the methadone). Defendant then asked who the people in the car were and Vincent replied: "Nothing is happening, baby; don't worry. Everything is all right." Thereupon defendant went to get her baby who was "running around" in the street; defendant grabbed her and took her back into the restaurant. Defendant denied having placed her hand into the window of the car or having taken money from anyone in it. During cross-examination, defendant testified, in effect, that, on the date in question, she and Vincent were both participating in a methadone program with respect to which they were receiving methadone tablets in glass bottles; each bottle had the name of the respective recipient on it. When defendant returned Vincent's methadone dosage, she gave it to him in "the vial". Defendant was shown the vial in evidence; she stated that, although it was the same color as the ones which she and Vincent had been getting from the methadone program, the particular vial shown to her (with the name "Louise Rodriquez" on it) did not look familiar. Holland, the driver of the car in which the alleged transaction occurred, corroborated defendant's testimony that she had not put her hand through the car window, that she did not receive money from any occupant of the car and that Vincent was intoxicated that morning. Significantly, Holland further testified that the sale had been made to the informant (which raises an issue as to the role of the informant herein since the officer testified that the sale had been made to her and that the informant had not participated in the transaction). It should also be noted that Holland testified that when Vincent handed the methadone to the informant, he just passed methadone tablets and that the tablets were not in anything. Turning now to the merits of the main issue presented on this appeal, it should be noted at the outset that defense counsel's motion for disclosure and production of the informant, which was made at the conclusion of the People's case, was properly denied at that time since defense counsel's implicit argument in support of the motion, i.e., that there were weaknesses in the prosecution's case, was conjectural. However, as was stated in *People v Goggins* (34 NY2d 163, 170, cert den *sub nom. New York v Goggins,* 419 US 1012), "the defendant, rather than showing weaknesses in the prosecutor's case, might become entitled to disclosure by the development of his own defense." In this regard, defense counsel never renewed the motion for disclosure and production and, as a result, the question of whether defendant was entitled to disclosure and production of the informant in the light of the development of the defense case was never considered by the Trial Judge. Notwithstanding defense counsel's failure to renew his motion, the propriety of disclosure and production based upon the development of the defense may nonetheless be considered by us in the interest of justice (see *People v Williams,* 31 NY2d 151, 153). With respect thereto, defendant gave a creditable explanation as to why she had possession of Vincent's methadone and as to why she subsequently gave it back to him outside the restaurant; she denied familiarity with the vial in evidence; she denied having placed her hand through the car window or having taken money from anyone in the car, and her testimony in that respect was corroborated by Holland, who also corroborated her testimony that Vincent had been intoxicated that morning. The role played by the informant in the transaction was also in issue, as was previously noted. In sum, the record herein presents a plausible issue as to guilt and, under the circumstances, the testimony of the informant, who was

either an eyewitness to, or a participant in, the crime, was relevant to the guilt or innocence of defendant (see *People v Goggins, supra).* Hence, in our opinion, defendant was entitled to disclosure and the production of the informant for an interrogation, *in camera,* before the Trial Judge; since this was not done, defendant was denied a fair trial. Martuscello, Acting P. J., Cohalan, Rabin, Shapiro and Titone, JJ., concur.