■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE MORALES, Appellant.—Judgment of conviction, Supreme Court, New York County, rendered April 8, 1974, after jury trial, unanimously reversed, on the law and in the interest of justice, and a new trial ordered. Defendant was convicted of both sale and possession of a controlled substance, being one methadone pill, sold to an undercover policeman for $10. Concurrent mandatory sentences of one year to life were imposed. With this grave penalty hanging in the balance, a fair trial was of particular importance; defendant did not receive one. Most of the points raised are without merit, but two necessitate reversal. The prosecutor requested clearing of the courtroom during testimony of the undercover officer. Conceivably, this might have been proper, but it is not supported by the record. The minimum standards laid down in *People v Hinton* (31 NY2d 71), were not observed. No hearing was held; no findings were made. The application was granted almost casually on little more than the bare application and a brief conclusory recital of necessity for the relief. The summation of the prosecutor was inflammatory, incapable, in its disregard of rulings, of control by the court. Though a ruling had been made during the trial to the effect that a single methadone pill is not lethal in effect, the prosecutor insisted on painting a grim picture, doubtless aimed at jurors who were parents, of death coming to "anyone's son or daughter" who might have made the purchase instead of the officer. (See *People v Clemons,* 48 AD2d 802.) He did not spare defense counsel, whom he accused, in effect, of having invented an entrapment defense "when all other doors were closed." He placed his own integrity in issue, and poured out a passionate, though irrelevant, expression of praise for his employer, the District Attorney. By the sum of these errors, defendant was deprived of a fair trial, and is entitled to be tried again. Concur—Markewich, J. P., Murphy, Lupiano, Burns and Capozzoli, JJ.