■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGEL RODRIGUEZ, Appellant.—Judgment, Supreme Court, New York County, en-tered January 9, 1975, convicting defendant of criminal sale of a controlled substance in the third degree and sentencing him to an indeterminate term of five years to life imprisonment, is unanimously reversed, on the law and as a matter of discretion in the interest of justice, and a new trial is directed. The defense in the case was that defendant was acting not on behalf of the seller of the narcotics but as agent for the buyer, an under-cover police officer. The evidence presented a question of fact as to this issue. Although the court gave an otherwise unexceptionable charge on the burden of proof and reasonable doubt, the court, apparently inadvertently, stated to the jury that "if * * * you find beyond a reasonable doubt that the defendant * * * acted solely as the agent of the buyer * * * then you must acquit the defendant." Thus this charge apparently placed upon the defend-ant the burden of establishing the defense of agency beyond a reasonable doubt. After the charge, defendant's attorney properly excepted to this portion of the charge. The court said that he did not believe he had said it that way and "I am going to let the charge stand as it is." In addition, in stating the principles the jury might consider as to whether defendant acted as agent of the buyer, the court said that "if * * * the defendant had any intent such as profit, monetary, personal or other beneficial gain * * * or if the defendant demonstrated an unusual familiarity with the location of drugs and his ability to procure the same or if the defendant demonstrated his familiarity with the operation of a seller and participated therein then the defendant is not to be considered the agent of the buyer." The effect of this charge was to remove from the jury's consideration the defense of agency if the jury found either of these circumstances to be present. This court has recently held it error to charge that financial or personal gain to the defendant precludes the defense of being an agent of the buyer. *(People v Valentine,* 55 AD2d 585.) While the factors mentioned by the court could properly be considered by the jury in determining the factual validity of the defense of agency of the buyer, they do not preclude a finding one way or the other on that issue, which remains a question of fact for the jury. Defendant did not except as to this portion of the charge, but this was the main issue in the case and the error is so substantial that we think it deprived the defendant of a fair trial and justifies our exercise of our powers under CPL 470.15 (subd 6) to notice the error notwithstanding the failure to except. Concur—Kupferman, J. P., Murphy, Silverman, Markewich and Yesawich, JJ.