■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PHILLIP ROGERS, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered May 1, 1975 (the date on the clerk's extract is July 14, 1975), convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law and as a matter of discretion in the interest of justice, and new trial ordered. In our opinion the trial court erred in not directing disclosure of the confidential informant's identity and in failing to have him

produced as a possible witness for the defense. Although testimony from the undercover officers (Valdez and Ware) was to the effect that the informant merely pointed them out to the defendant and loitered nearby while defendant arranged a sale of heroin to them, the defendant's version of the occurrence suggests that he was the agent of the undercover policemen and the informant both before and during the transaction. According to defendant, a person (ostensibly the informant) not only approached him on the street on behalf of the undercover officers, but also assured him that he could keep $5 of the $40 that "the girl over there" (Valdez) would give him (and eventually did give him) to purchase drugs for her at a garage. Defendant further testified that he understood his association with the undercover officers at the time was on behalf of the informant since all three of them (the informant and the undercover officers) were together. Furthermore, during an *in camera* interview, the informant said that he had walked with defendant toward the two undercover officers, told them that defendant was a friend of his and that "he knew where we could cop." Such remarks are inconsistent with the testimony of the officers that the informant did not introduce defendant to them. Moreover, although the undercover officers testified that the informant did not participate in any conversation leading to the eventual securing of the heroin, a backup officer testified that he saw all four in conversation. We conclude that while the *in camera* unsworn statement of the informant does support the major elements of the People's case, i.e., that drugs were exchanged by defendant for money, questions of fact were raised as to whether the informant not only listened during the negotiations of the sale, but also participated in the conversations leading to a sale. Since the defendant testified, in effect, that he had acted as an agent for the undercover officers and the informant, and as an inference of such agency can also be drawn from a portion of the informant's testimony discussed above, we are constrained to hold that the trial court should have permitted the defense to call the informant as a witness on the issue of agency (cf. *People v Goggins,* 34 NY2d 163, cert den 419 US 1012; *People v Woods,* 39 NY2d 852; *People v Todaro,* 52 AD2d 611). The trial court also seriously erred when it in effect charged the jury that it could find an agency relationship between the buyers and defendant only if the latter was doing the undercover officers and the informant a favor and had received no money from the transaction. It compounded this error by registering, during the charge, what amounted to a disbelief that the defendant would have engaged in trafficking of drugs without a profit motive. The law is settled that whether a defendant garnered a profit from a transaction, or whether he had some previous relationship with the actual purveyor of the drugs are factual matters for the jury to consider in determining whether the defense of agency has been made out (see *People v Rodriguez,* 56 AD2d 545). The fact that a defendant may have received a profit from a drug transaction does not preclude him from interposing a defense of agency *(People v Bostick,* 51 AD2d 749). We also believe that the defendant was denied a fair trial by the persistent improper conduct on the part of the prosecutor. On one occasion during cross-examination he said "Really" after the defendant answered that he was employed. On still another occasion, in violation of the trial court's ruling after the *Sandoval* hearing that the prosecution could not cross-examine defendant as to his prior conviction for possession of burglar's tools, the prosecutor asked defendant, "and you pleaded guilty to that charge" (the defendant was also convicted at the same time of criminal trespass) "because well, actually it was a burglary charge, wasn't it". By this question, the prosecutor violated

the spirit if not the law of the trial court's ruling that the conviction for possession of burglar's tools would not be probative on the issue of defendant's credibility. Furthermore, during his summation, the prosecutor, *inter alia,* referred to defendant as a "liar", a tactic condemned in *People v Shanis* (36 NY2d 697), asserted that defendant's defense was, "a legal one; a trick", a remark of the type disapproved in *People v Morales* (53 AD2d 517), and improperly vouched for the strength of the People's case by stating that "we feel that we have proven this case, easily, beyond a reasonable doubt" (see *People v Lovello,* 1 NY2d 436, 438–439). Cohalan, J. P., Rabin, Titone and Hawkins, JJ., concur.