■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILFRED BROWN, Also Known as CHESTER GLOVER, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered May 30, 1975 (the date on the clerk's extract is July 28, 1975), convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law and as a matter of discretion in the interest of justice, and new trial ordered. No contentions have been raised with respect to the sufficiency of the findings of fact. The trial court erred in charging the jury as follows: "Moreover, even if you find that the undercover officer requested the defendant to procure the drugs for him, you may still find that the defendant was not acting as his agent, *if the defendant on his own initiative sought to take advantage of the situation and earn a profit either money or drugs, such a person would be a seller and not an agent."* (Emphasis supplied.) The defendant testified, *inter alia,* that in response to the undercover officer's request for heroin, he informed the latter that he was a user of drugs, not a seller. Whereupon, according to defendant, the undercover officer promised that if defendant acquired heroin for the undercover officer and his companion, he (the defendant) could "shoot up" (have a "fix" of heroin) with them.

If the jury had believed this testimony, it would, under the other facts of this case, have been justified in finding that defendant acted solely as the buyer's agent, even though he profited from the transaction. However, the trial court, by the portion of the charge above-quoted improperly removed this option from the jury (see *People v Bostick,* 51 AD2d 749). Thus, in view of the degree of prejudice attendant upon this error, we would order a new trial in the interest of justice on this issue alone, notwithstanding defense counsel's failure to take timely objection to the improper charge (see CPL 470.15, subd 6, par [a]). Furthermore, we are also of the opinion that the trial court committed reversible error by permitting the prosecutor to make a number of highly prejudicial and grossly improper remarks during his summation. Specifically we refer to his comments (1) questioning whether defendant had learned his lesson as a result of the time he had already spent in prison for prior convictions, (2) asserting that defendant had been smart to have pleaded guilty in the past (1965) to one robbery charge to cover two robberies, (3) opining that defendant's prior record demonstrated his lack of regard for the city and the jury, (4) noting that one Anthony Barrett, who had been present at the time of discussions between defendant and the undercover officers concerning the purported heroin sale, had helped defendant commit the 1965 crimes and (5) arguing that the 1965 robberies were not "namby pamby game [s]", but instead were revolting acts, which included the "defiling" of a woman. Putting it succinctly, the prosecutor's summation, in effect, degenerated into a character assassination of defendant and thus may well have obscured from the jury the fact that the criminal history of the defendant related solely to his credibility and not his character (cf. *People v Burgess,* 50 AD2d 1036, 1037). Mollen, P. J., Titone, Suozzi and Hawkins, JJ., concur.