■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILFREDO RIOS, Appellant.—Judgment of the Supreme Court, New York County, rendered on May 7, 1976, convicting defendant of two counts of criminal sale of a controlled substance in the second degree and imposing upon him concurrent sentences of from six years to life, unanimously reversed, on the law and as a matter of discretion in the interest of justice, and a new trial ordered on all counts of the indictment (CPL 470.55). The issue of subject matter jurisdiction raised by defendant has been considered and found to be without merit (Judiciary Law, § 177-b, subd 1; § 177-d, subds [i], [iii]). The markings on the courtroom door are a mere administrative detail (see 22 NYCRR 32.1). The indictment was returned by the Grand Jury of the Special Narcotics Courts of the City of New York; the court worksheet, the trial exhibit sheet and the jury verdict sheet are each marked "Centralized Special Narcotics Parts, City of New York"; the Trial Judge and the Assistant District Attorney (staff member of the Special Narcotics Prosecutor) were, in fact, acting in their respective capacities to hear and prosecute this narcotics trial. The critical issue for the jury was whether defendant was a seller of narcotics as alleged by the People or an agent for the undercover police officers who were seeking to acquire narcotics as maintained by defendant. The District Attorney on appeal concedes error in the court's main charge when it first "instructed the jury that personal gain alone was sufficient to negate the possibility of an agency defense". Thereafter, in response to two requests from the jury the court essentially repeated its improper remarks concerning personal gain, to which appropriate exception was taken. In answering the second request, however, the court made an effort to point out that if the jury found defendant obtained a personal gain as a result of the sale, "then you may but of course you are not required to, you may consider that the defendant did not act solely and exclusively as the agent of the buyers, but acted in his own behalf as a seller or in behalf of some other seller or supplier". We find that the "curative instruction" was insufficient to assure that the jury's findings of guilt were predicated upon a proper presentation of the law applicable to the issue of agency. In the circumstances, reversal and a new trial is required (see *People v Brown,* 60 AD2d 917; see, also, *People v Bostick,* 51 AD2d 749). Concur—Lupiano, J. P., Birns, Lane, Sandler and Sullivan, JJ.