■   THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GAIL BOSTED CALLAHAN, Appellant.—Appeal by defendant from a judgment of the County Court, Nassau County, rendered April 2, 1976, convicting her of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence. Judgment reversed, as a matter of discretion in the interest of justice, and new trial ordered. The trial court erred in charging the jury as follows: "There are certain criteria that you may consider in determining whether the defendant was actually acting solely as an agent of the buyer. You may consider whether the defendant was associated with the seller in selling drugs, whether she was acting in concert with the seller, or was the seller's accomplice, or whether the defendant expected to receive or did receive financial or personal gain. If you find any of these facts then the defendant cannot be deemed to be an agent of the buyer." Under the facts of this case, the jury would have been justified in finding that the defendant acted solely as the buyer's agent, even though she may have expected to personally gain from the drug transaction. However, the trial court, by the portion of the charge quoted above, improperly removed this option from the jury (see *People v Brown,* 60 AD2d 917; *People v Bostick,* 51 AD2d 749). In view of the degree of prejudice attendant upon this error, a new trial is warranted in the interest of justice, notwithstanding defense counsel's failure to take timely objection to the

improper charge (see CPL 470.15, subd 6, par [a]). Hopkins, J. P., Latham, Damiani and Titone, JJ., concur.