■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS RODRIGUEZ, Appellant.—Judgment, Supreme Court, Bronx County, rendered November 7, 1974, convicting defendant, after jury trial, of the crime of criminal sale of a controlled substance in the second degree (Penal Law, § 220.41) and sentencing him to an indeterminate term of imprisonment of six years to life, is unanimously reversed, on the law, and a new trial is directed. In our view, the major error that requires reversal was the failure to accede to defendant's request for the disclosure of the identity of the confidential informant. In *People v Goggins* (34 NY2d 163, 173), the Court of Appeals said: "In sum the record * * * presents both a plausible issue as to guilt and less than trouble-free identification testimony, and either would have been enough." In the present case, we think that the identification was "trouble-free." Defendant concededly was employed in the small hardware store in which the undercover officer testified that he met the defendant and from which they proceeded to a neighboring building for the drug transaction. Only two persons were connected with that store and the undercover officer testified that both were involved in the transaction. But there is a "plausible issue as to guilt." The defendant's involvement in the sale rested solely on the testimony of the undercover officer and defendant took the stand and denied the transaction. Thus on this critical issue, it was one witness' word against another's. As the Court of Appeals said (pp 169-170): "Undoubtedly the strongest case for disclosure is made out when it appears that the informant was an eyewitness or a participant in the alleged crime." We are aware of the possibility that defendant may not really expect that the confidential informant would testify that the police officer with whom he had worked was not telling the truth about whether the transaction took place, and of the possibility that what defendant may really want is that the District Attorney shall not comply with an order directing disclosure of the confidential informant's identity and thus have to abandon the prosecution. But in the circumstances here present, we think *People v Goggins (supra)* requires that the defendant's request for a direction to disclose the name of the confidential informant should be complied with. In addition to this chief error, we note that it was error to require the defendant to state whether the police officer was lying when he testified contrary to the defendant's testimony; and that of course it was error for the District Attorney in summation to say that, "If [defendant] had not committed a crime, he would have not been arrested." We agree with the trial court's denial of the motion to suppress identification evidence. The pretrial identification took place immediately after the arrest, though that was two months after the incident. The undercover officer who made the identification knew perfectly well that the officers who told him that they had arrested the perpetrator had never seen the perpetrator and were merely relying on the undercover officer's own description. Thus the undercover officer was an unlikely subject of any suggestiveness. The trial court further found by clear and convincing evidence that the identification was not tainted and was based on independent recollection and source. The District Attorney probably went too far in saying in his summation that the confidential informant would be dead if he testified or his identity were disclosed. But we note that defendant's attorneys who ask the jury to draw inferences from the absence of the confidential informant cannot expect to be shielded from an answer in the District Attorney's summation suggesting reasonable explanations for the failure to call the confidential informant, including possible danger to the confidential

informant. In the present case, the Trial Judge even warned the defendant's attorney of this possibility. Concur—Lupiano, J. P., Birns, Silverman, Fein and Sullivan, JJ.