■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SALVATORE TRANCHINA, Appellant.—Appeal by defendant from (1) a judgment of the Supreme Court, Kings County, rendered May 14, 1975, convicting him of criminal sale of a controlled substance (methadone) in the second degree and criminal possession of a controlled substance (marihuana) in the fifth degree, upon a jury verdict, and imposing sentence, and (2) a further judgment of the same court, rendered November 19, 1975, upon his resentence for the sale conviction pursuant to section 60.08 of the Penal Law. Judgments reversed, on the law, and new trial ordered, with leave to defendant, if he be so advised, to make a motion before trial to controvert the search warrant, the execution of which underlies his conviction for criminal possession of a controlled substance in the fifth degree (i.e., the marihuana conviction). No issue has been presented with respect to the facts. Pursuant to Kings County Indictment No. 7403/1973, defendant and his wife, Olga, were charged with the possession and sale of a controlled substance (methadone) on October 19, 1973 and with the possession of another controlled substance (marihuana) and drug paraphernalia (scales) on November 30, 1973. By a separate Indictment (No. 7271/1973), defendant alone was charged with criminal sale and possession of a controlled substance (methadone) on October 26, 1973. On April 23, 1975 the People moved to consolidated these two indictments and to proceed to trial against defendant alone, defendant's wife having become a fugitive from justice. At that time, defendant's assigned counsel (who had been substituted for another attorney approximately three months after the arraignment) opposed the motion and requested a two-week adjournment on Indictment No. 7403 on the ground that he was not prepared to proceed to trial, as he had only discovered the night before that the marihuana and drug paraphernalia counts thereof arose out of the execution of a search warrant at defendant's apartment. He therefore requested additional time to study the warrant, and possibly move to controvert it. When, after a brief (five minute) examination of the warrant, counsel could not voice any specific objection thereto, the court summarily denied his application, granted the motion to consolidate and proceeded to trial. Defendant was convicted of the criminal sale of methadone on October 19, 1973 and the criminal possession of marihuana on November 30, 1973. Insofar as is here relevant, the People's case at the trial was predicated on the testimony of an undercover officer who testified, in pertinent part, that he and a registered confidential informant had gone to defendant's apartment on October 19, 1973 where, after gaining entry, he purchased three methadone tablets from the defendant and his wife. According to the officer, the confidential informant was in the bathroom at the time of the transaction and, thus, was not an actual witness thereto. This officer's testimony was corroborated in part by members of the back-up team, who testified to the effect that they had seen the

undercover officer and the informant enter the apartment building together and emerge approximately 15 minutes later in the possession of three tablets found to contain methadone. Defendant, however, denied the transaction and testified that he had refused to allow either the undercover officer or the informant to enter his apartment on that date. A timely defense motion to disclose the identity of the confidential informant was denied. With respect to the marihuana conviction, two police officers testified, over objection, to the search of defendant's apartment on November 30, 1973 and to the seizure of more than one ounce of marihuana thereat. Defendant offered no defense to the charge. On this state of the record, the only substantial issue presented was whether, in point of fact, the "sale" had actually transpired (identity clearly was not in issue), and in this connection the testimony at the trial was diametrically opposed, the word of one witness (the undercover officer) being directly contrary to that of the other (defendant). Under these circumstances, the only available witness who could shed any light upon the events which transpired at defendant's apartment was the confidential informant and, in the opinion of this court, his testimony would have been relevant and material on the issue of guilt (see *People v Singleton,* 42 NY2d 466; *People v Goggins,* 34 NY2d 163, 169, cert den 419 US 1012). (Defendant's wife, who may also have been a witness, [1] was a codefendant in the case and [2] had since disappeared.) Thus, even on the basis of the undercover officer's testimony, the informant should have been able to state whether defendant had permitted them to enter his apartment on October 19, 1973 and, on the facts of this particular case, the foregoing would have been vitally important to the jury's factfinding on the issue of guilt or innocence (see *People v Rodriguez,* 62 AD2d 929; *People v Todaro,* 52 AD2d 611). As the Court of Appeals stated in *People v Goggins (supra,* pp 169-170): "Bare assertions or conclusory allegations by a defendant that a witness is needed to establish his innocence will not suffice. Instead he must show a basis in fact to establish that his demand does not have an improper motive and is not merely an angling in desperation for possible weaknesses in the prosecution's investigation * * * On this point the nature of the informant's role is of some significance. Undoubtedly the strongest case for disclosure is made out when it appears that the informant was an eyewitness or a participant in the alleged crime * * * But disclosure of the informant's identity may also be appropriate when, by introducing the parties to each other or performing some other preliminary function he may be considered to have been 'an active participant in setting the stage' * * * When however he has played a marginal part by, for instance, merely furnishing a tip or some information to the police, the privilege should prevail absent an extremely strong showing of relevance * * * although the extent of the informer's role cannot be overlooked, it should not be overemphasized. Thus when, for example, the identity of the culprit rests upon evidence which is equally balanced, the informer's testimony should not be minimized merely because he played a minor role. *In other words the truly crucial factor in every case is the relevance of the informer's testimony to the guilt or innocence of the accused"* (emphasis supplied). We believe that under the circumstances of the case at bar, a plausible issue as to guilt has been raised by the sharp conflict in the trial testimony, and that the testimony of the informer who was an eyewitness to a crucial event in the terms of the defendant's testimony, would be relevant to the guilt or innocence of the accused. Accordingly, we believe that defendant was entitled to disclosure and the production of the informant for an interrogation, *in camera,* before the Trial Judge. The failure to disclose the identity

of the informant and to produce him operated to deprive this defendant of a fair trial *(People v Singleton, supra; People v Rodriguez, supra; People v Todaro, supra)*. We further believe that the refusal of the Trial Judge to accord defendant a brief adjournment when assigned counsel negligently failed, until the eve of trial, to uncover the existence of the search warrant underlying defendant's indictment on the marihuana and paraphernalia charges constituted an improvident exercise of discretion. The delay engendered would have been minimal and yet the denial thereof required this defendant, through no fault of his own, to lose his only colorable defense to the charge, and, perhaps, suffered him to be convicted on the basis of unconstitutionally seized evidence. The five minutes of grace accorded counsel to examine the warrant for the purpose of raising specific objections was not sufficient to safeguard his client's rights. Damiani, J. P., Titone, Rabin and Gulotta, JJ., concur.