■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERNEST BENNETT, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered June 23, 1977, convicting him of assault in the first degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law and as a matter of discretion in the interest of justice, and new trial ordered. The prosecutor so overstepped the bounds of legitimate advocacy in this case that we are constrained to reverse and order a new trial notwithstanding the evidence of guilt (see *People v Crimmins,* 36 NY2d 230, 237-238). Among the more egregious prosecutorial errors were (1) the cross-examination of the defendant as to whether he told the police at the time of his arrest about his defense of self-defense, (2) the persistent comments in summation that the defendant had lied and (3) the claims that the defense was a fabrication and a sham. It is axiomatic that any comment about a defendant's silence or failure to exculpate himself at the time of his arrest is improper (*Doyle v Ohio,* 426 US 610; *People v Von Werne,* 41 NY2d 584, 587-588). It is also improper and outside the bounds of legitimate advocacy for a prosecutor to call a defendant a liar (*People v Shanis,* 36 NY2d 697; *People v Rogers,* 59 AD2d 916), or to characterize his defense as a trick or a sham (*People v Rogers, supra; People v Morales,* 53 AD2d 517). We also view the questions put by the prosecutor about the "forcible intercourse", relating to a prior offense, as improper, particularly inasmuch as the record in the statutory rape conviction indicated there was no force involved and the prosecutor's only "excuse" was that he had misread the offense. This "misreading" was akin to the attack on the defendant's character in disregard of the facts: to wit, although defendant testified that he is a home-improvements contractor who carries numerous tools in his truck, including several axes, the prosecutor stated, in his summation, "you ask yourselves what type of person runs around in Queens County with an axe by his person". The guarantee of a fair trial cannot be thus flouted, and even overwhelming proof of guilt cannot obviate the fundamental right to due process (see *People v Crimmins, supra,* pp 237-238). Mollen, P. J., Latham, Damiani and Titone, JJ., concur.