■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND PEREZ, Appellant.—Appeal from judgment Supreme Court, New York County, rendered July 19, 1976, convicting defendant after a jury trial of criminal sale of a controlled substance in the third degree and sentencing him to an indeterminate term of two years to life, held in abeyance pending remand for a hearing to be conducted to determine whether the courtroom was closed and, if so, for how long and under what circumstances. We are in agreement that there is no merit to defendant's contentions that the evidence was insufficient to sustain the jury's verdict. However, the majority have concluded that further inquiry is warranted by defendant's claim that the trial court erred in sealing of the courtroom, without conducting any inquiry to ascertain whether unusual circumstances existed to warrant the closing. The transcript records the following immediately prior to opening statements: "MR. DIAMOND: [Assistant District Attorney] When my officer comes up, I am going to make an application that the Courtroom be sealed. They are undercover officers. This used to be a calendar part and there are people who wander in and out looking for their parts. I just don't want somebody who is still working in an undercover capacity to have to face someone. MR. SHAPIRO: [defense counsel] I have no objection. MR. DIAMOND: [Opening statement]." The trial transcript does not establish whether, when the undercover officers were called to testify, the District Attorney renewed his application. Nor does the transcript show whether the court in fact sealed the courtroom and, if so, for how long, although counsel informally concede on the appeal that the courtroom was sealed during the testimony of at least one undercover officer. We cannot ascertain from the record whether the courtroom was sealed for the entire trial, as argued by appellant, who claims that the action of the Trial Justice infringed upon his right to a public trial. In *People v Hinton* (31 NY2d 71), holding that under "unusual circumstances" the trial court has inherent power to exclude the public from the courtroom to protect the rights of the parties and witnesses, the District Attorney requested that the public be excluded because (1) the undercover officer was still actively operating in the community; (2) other narcotics investigations were pending; and (3) other targets of pending narcotics investigations were present in the courtroom, thereby jeopardizing the safety and welfare of the undercover agent if his identity were to be established. The court sustained the exercise of discretion by the Trial Justice, observing, "While we reaffirm today the inherent discretionary power of the trial court to close the courtroom, we need only point out that the discretion be sparingly exercised and then, only when unusual circumstances necessitate it." *(People v Hinton, supra,* pp 75-76.) Similarly, in *People v Garcia* (41 NY2d 861, affg on opn of Stevens, P. J. in 51 AD2d 329), the exclusion of the public was sustained where the closing of the courtroom was for a relatively brief period, following an appropriate showing that the undercover officer, at the time of his testimony, was engaged in an undercover narcotics investigation and that disclosure of his identity would not only destroy his usefulness, but also jeopardize his life. On this basis, there was (p 331) "no prejudicial error in the discretionary exclusion of the public". In *People v Morales* (53 AD2d 517) we reversed a conviction, finding error in the trial court's having sealed the courtroom, without conducting any hearing or making any findings. "The application was granted almost casually on little more than the bare application and a brief conclusory recital of necessity for the relief." Here, although defense counsel expressed no objection when advised that the District Attorney would make application to seal the courtroom when the undercover officers were called to

testify, the record is barren as to what occurred when the officers did testify. Our memorandum in *People v Morales (supra),* reversing the conviction on the law and in the interest of justice, does not appear to make the issue turn on whether there was objection to the direction that the public be excluded. (See *People v Jones,* 63 AD2d 637; *People v Richards,* 48 AD2d 792; *United States ex rel. Lloyd v Vincent,* 520 F2d 1272, cert den 423 US 937.) Although the constitutional guarantee of a public trial is designed to protect the rights of an individual defendant, it also has a broad public purpose. The public's "right to know" must be considered *(Matter of Merola v Bell,* 68 AD2d 24; *Matter of New York News v Bell,* 68 AD2d 24; *Matter of Gannett Co. v De Pasquale,* 43 NY2d 370). Although those decisions involved the right of the media to be present at pretrial hearings in widely publicized cases, unlike our case, the concerns there expressed warrant consideration here. At a minimum what is required before closing the courtroom is a showing and a finding of the necessity for such relief, the requisite "unusual circumstances." Since it cannot be ascertained on this record whether the minimum standards imposed by *People v Hinton* (31 NY2d 71, *supra)* were observed, the matter should be remanded for a hearing to determine whether the courtroom was closed and, if so, for how long and under what circumstances, with disposition of the appeal held in abeyance pending such remand. Concur—Birns, Fein and Lupiano, JJ.

Kupferman, J. P., and Yesawich, J., dissent in part in a memo by Kupferman, J. P., as follows: The colloquy set forth in the majority opinion indicates a clear justifiable and rational basis for closing the courtroom, which was further buttressed by the statement of defendant's trial counsel that he had "no objection" to such action. Further, there has been demonstrated no specific harm in the action taken, and the question raised here, more or less as an afterthought, remains a spurious issue, with respect to which the majority, applying convoluted logic, would impose additional and unnecessary burdens on the Trial Bench. (Cf. *People v Darden,* 34 NY2d 177, 181, where it was stated that "every reasonable precaution should be taken to assure that the anonymity of the informer is protected to the maximum degree possible.")