■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD COYNE, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered January 12, 1978, convicting him of grand larceny in the third degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law and as a matter of discretion in the interest of justice, and a new trial ordered. Defendant argues that the prosecutor's summation exceeded the permissible bounds of fair comment and operated to deprive him of a fair trial, citing, *inter alia,* his comments (1) asserting (ostensibly on the issue of defendant's credibility) that the defendant had, in the past, broken into homes, like those of the jurors; (2) opining that there is nothing so violative of an individual's right to privacy as finding that a burglar had broken into his home; (3) arguing that the defendant was so desperate for money that he had used his deceased father's credit cards in order to obtain goods and services, thus refusing to let "his own dead father's reputation rest in peace"; and (4) urging the jurors to find the defendant guilty so that the 75-year-old complainant could sleep at night. We agree. In combination these remarks may have obscured from the jury the fact that the only real issue before them was that of defendant's guilt or innocence of the crime charged, and, in our opinion, their cumulative effect was so prejudicial as to necessitate a new trial (see *People v Burnside,* 52 AD2d 626; *People v Brown,* 60 AD2d 917). We note in passing that the prosecutor was improperly permitted to cross-examine the defendant with respect to the fact of certain arrests and indictments (see *People v Morrison,* 195 NY 116), and that the foregoing contributed to the need for a new trial. Mangano, J. P., Gulotta and Gibbons, JJ., concur.

Cohalan, J., dissents and votes to affirm the judgment with the following memorandum: Even if under normal circumstances it could be said that the District Attorney exceeded the bounds of propriety in his cross-examination and summation, under the circumstances presented here his remarks were justified in that they were provoked by the remarks of defense counsel. Further, in several of the instances alluded to no objection was made. Hence, the items were not preserved for appellate review.