■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OWEN BRERETON, Appellant.—Judgment of the Supreme Court, Queens County, rendered April 16, 1979, affirmed. No opinion. This case is remitted to the Supreme Court, Queens County, for further proceedings pursuant to CPL 460.50 (subd 5). Hopkins, J. P., Damiani, Martuscello and Weinstein, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS CAMMARANO, Appellant.—Judgment of the Supreme Court, Queens County, rendered September 25, 1979, affirmed. No opinion. This case is remitted to the Supreme Court, Queens County, for further proceedings pursuant to CPL 460.50 (subd 5). Gulotta, J. P., Cohalan, Margett and O'Connor, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE CANALES, Also Known as JOSE CANALLES, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered April 27, 1977, convicting him of criminal sale of a controlled substance in the second degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and new trial ordered. With commendable candor, the People concede that on the facts of this case, defendant's conviction must be reversed because of the failure to produce the confidential informant. Such production was required in light of a number of factors, including the testimony of the undercover officer, the People's sole witness to the crime, that the informant introduced the officer to the seller, remained in the room while the seller weighed the narcotics, returned to the room while the seller was counting his money, and left with the officer, the fact that defendant's arrest occurred more than nine months after the narcotics sale, and the fact that, in his testimony at trial, defendant denied ever seeing the officer before. On the new trial, defendant shall be entitled to disclosure of the informant's identity and production of the informant for an interrogation, *in camera,* before the Trial Judge (see *People v Goggins,* 34 NY2d 163; *People v Tranchina,* 64 AD2d 616). In the event the informant cannot be produced at the time of the trial, relevant inquiry shall be made under the principles of *People v Jenkins* (41 NY2d 307). We have examined defendant's remaining contentions and find them to be without merit. Gulotta, J. P., Cohalan, Margett and O'Connor, JJ., concur.