■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PHILIP ALSTON, Appellant.—Appeal by defendant from a judgment of the County Court, Suffolk County, rendered December 14, 1978, convicting him of burglary in the third degree and petit larceny, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of defendant's motion to suppress statements, physical evidence, identification testimony and evidence of prior convictions. Judgment reversed, on the law and as matter of discretion in the interest of justice, motion to suppress oral statements granted to the extent that the defendant's oral statements to the parole officer, Dennis Greenberg, are suppressed, and a new trial is ordered. Reversal is required because the prosecutor's numerous prejudicial comments during the People's summation deprived appellant of a fair trial. At least 16 times during the course of a summation which spans some 50 pages of the record, the prosecutor either branded the appellant and his witnesses as liars or stated that in order to credit the defense the jury would have to believe that the police officers and a parole officer called by the People had lied on the witness stand. In this case, the use of these prejudicial tactics bordered on the profligate and could serve only to inflame the jurors against appellant, thus depriving him of an objective consideration by the jury of the trial evidence in its totality (see *People v Webb,* 68 AD2d 331; *People v Goggins,* 64 AD2d 717; *People v Mariable,* 58 AD2d 877; *People v Lopez,* 73 AD2d 676; *People v Rogers,* 59 AD2d 916; *People v Bennett,* 65 AD2d 801; *People v Sarmiento,* 40 AD2d 562). Furthermore, in view of the decisive questions of credibility presented by appellant's alibi defense and by appellant's claim at trial that certain of his inculpatory admissions were coerced, we are unable to find that there is no reasonable possibility that the jury would have acquitted appellant had these errors not occurred (see *People v Crimmins,* 36 NY2d 230, 237; cf. *People v Conner,* 69 AD2d 908). We therefore order a new trial. We note additionally that it was error for the trial court to refuse to suppress certain

statements made by appellant to the parole officer, Dennis Greenberg, and testified to by Mr. Greenberg at the trial. Appellant was placed under arrest at his home, where his mother also lived, after the police had gained entry with the mother's consent. According to police testimony, appellant was warned of his constitutional rights (see *Miranda v Arizona,* 384 US 436) in the patrol car en route to the police station, and at that time stated that he understood his rights and did not request a lawyer; appellant thereupon made a statement admitting the burglary in question. In the squad room of the precinct house, appellant was interviewed by Detective Joseph Mequia after once more being advised of his rights. Upon questioning, according to the detective, appellant reiterated his prior admission and described the goods which had been removed from the burglarized premises. Some 90 minutes after this interview, which took place between 2:30 and 3:00 P.M., Mr. Greenberg appeared and met with appellant to get "his side of the story". For the preceding 11 months, Mr. Greenberg had supervised appellant as a parolee, and for the interview with Mr. Greenberg, appellant was removed from the squad room and taken to the room near the front desk of the precinct where appellant, as a parolee, had regularly reported to Greenberg twice each month. At no time did the parole officer administer *Miranda* warnings to appellant, and in the course of the conversation, according to Greenberg, appellant once again incriminated himself. Under the facts and circumstances of this case, the failure to readminister *Miranda* warnings to appellant rendered his statements to the parole officer inadmissible at the trial. Although it is unclear from the record whether the Greenberg interview took place at the behest of the police (cf. *People v Candelaria,* 63 AD2d 85; *People v Way,* 65 Misc 2d 865), it is beyond dispute that the questioning occurred while appellant was in police custody and was conducted by an agent of the State acting in his official capacity as parole officer (Executive Law, § 259-f) and peace officer (CPL 1.20, subd 33, par [i]). The Greenberg interview thus constituted custodial interrogation by a law enforcement officer within the contemplation of *Miranda v Arizona (supra; see People v Ferguson,* 90 Misc 2d 467). Moreover, for the reasons which follow, we find that the warnings previously recited by the police did not serve "adequately and effectively" to apprise appellant of his constitutional rights in the context of an interview with his parole officer, with whom he had an established and continuing supervisory relationship *(Miranda v Arizona, supra,* p 467). As a parolee, appellant must be deemed to have known that his vital interest in continued release depended upon his obedience and co-operation with his supervising parole officer. While on supervised release, appellant was by law "expected to comply faithfully with all conditions specified in writing at the time of his release *and with all other conditions and instructions, whether oral or in writing,* given him by the [parole] board, a member [thereof], an authorized representative of the board *or a parole officer"* (9 NYCRR 8003.1 [b]; emphasis supplied; see, also, Executive Law, § 259, subd 2; § 259-c, subd 11). The same regulation provides that "Parole or conditional release revocation proceedings may be undertaken upon any violation of law or upon any violation of the release conditions or the rules and regulations of the board." Further, where a releasee is arrested for a felony and held for court action, the filing of a warrant for the retaking and temporary detention of the parolee is mandatory, "except as otherwise directed by the area supervisor, where there is good cause shown for not filing the warrant or where it otherwise appears that there is insufficient evidence available to the board to institute revocation proceedings" (9 NYCRR 8004.2 [d] [2]; see, also, Executive Law, § 259-i,

subd 3). It cannot be gainsaid, then, that the stakes, both real and perceived for a parolee who gambles on non-co-operation with his parole officer are high, and especially so in the case of one arrested on a felony charge. Additionally, the record in this case indicates that in the course of the 11 months of supervised release, appellant discussed problems of "adjusting or getting along" with Mr. Greenberg, and we thus cannot exclude the possibility that the relationship had acquired an aspect of apparent confidentiality on which appellant might have been led to rely when the parole officer asked him for "his side of the story" at the police station. The fact that the questioning took place in the same room where appellant had his regular bimonthly meetings with Mr. Greenberg could only reinforce the misleading or coercive effect which flowed from the prior established relationship. Under these circumstances, we are unable to find as a matter of constitutional law, that the previous *Miranda* warnings, issued to appellant in the context of custodial questioning by officers with whom he presumably had no established and ongoing law enforcement relationship, sufficed to provide the requisite threshold assurance that appellant's incriminating statements to his parole officer were the product of a voluntary and informed waiver of the right to remain silent. While a different conclusion might have been warranted (as to which we now express no opinion) had the previous warnings been administered under circumstances which would leave no reasonable doubt to one in appellant's position that the same rights and liabilities that attached to the prior police interrogation also inhered in the confrontation with the parole officer, such circumstances are absent from the case at bar. Accordingly, the statements to the parole officer should have been suppressed. From this conclusion it follows that the trial court's instruction to the jury, to the effect that *Miranda* warnings need be administered only once after a suspect is taken into custody, also constituted prejudicial error. Lazer, J. P., Gibbons, Martuscello and O'Connor, JJ., concur.