OPINION OF THE COURT
Lewis L. Douglass, J.
The issue to be decided is whether the Trial Judge, in a narcotics prosecution, may conduct an ex parte in camera examination of an informant, in order to determine whether to make the identity of the informant known to the defense.
Informants in narcotics cases will generally fall into two categories. The first are those who tell law enforcement officers that they believe a particular person is dealing drugs at a particular location and then have no further significant involvement in the investigation. The second are those informants who become more heavily involved in the investigation and, thus, what they saw or heard may bear on the guilt or innocence of the defendant. The issue, with respect to whether *457 the informant’s identity should be disclosed, centers on a concern for those in the former category, that is, those who simply tell the police that they believe drug activity is taking place and have no further involvement. A requirement that the identity of these informants be disclosed would destroy one of law enforcement’s most effective tools in prosecuting narcotics dealers, since many informants would not come forward if they could not be guaranteed anonymity.
In recognition of this need for anonymity, People v Goggins (34 NY2d 163, 170) established the rule that the prosecution shall only be required to disclose the identity of the informant when "the inform[ant’s] testimony” is relevant "to the guilt or innocence of the accused”, thus only those informants who were actively involved in the investigation will lose their anonymity. The court, in deciding Goggins (at 168), also said, however, that "the decision as to whether the informant’s identity should be disclosed must not be resolved in an ex parte proceeding.” That rule against conducting in camera proceedings was reiterated in People v Lee (39 NY2d 388, 390), where the court said: "As we noted in Goggins, where the issue is the guilt or innocence of the defendant, resort to an in camera hearing is usually inappropriate since the court cannot properly stand in the place of the defendant.”
There can be no question that every effort should be made in criminal prosecutions to ensure that all proceedings take place in the presence of both the defendant and his or her counsel. In some cases, however, a hearing which would reveal the details of an informant’s involvement would be tantamount to disclosure, even if the hearing leads to the conclusion that the informant’s testimony would not be disclosed.
Notwithstanding the language in Goggins (supra) and in Lee (supra), the court in People v Singleton (42 NY2d 466, 470), apparently recognizing the need for anonymity, in some cases, approved the Trial Judge’s direction that the prosecutor "produce the informer for an in camera examination by the court.” Following that approval by the Court of Appeals, the Second Department in People v Tranchina (64 AD2d 616, 617) also approved in camera examinations. That court said: "[W]e believe that defendant was entitled to disclosure and production of the informant for an interrogation, in camera, before the Trial Judge” (at 617). Again, in People v Canales (75 AD2d 875), the Second Department in reversing a narcotics conviction directed the Trial Judge to conduct an in camera examination.
*458 The in camera examination by the Trial Judge of informants, particularly in narcotics cases, is now recognized practice among Trial Judges. (See, for example, People v Taylor, 98 Misc 2d 163.)
It has been suggested, that even if the defendant is not present at the hearing to determine whether the informant’s information is relevant to guilt or innocence, that the attorneys for the parties should be present, with the direction that he or she not disclose the informant’s identity.
Even though the vast majority of lawyers would scrupulously adhere to the court’s direction and not disclose the informant’s identity, and even assuming that no lawyer would ever violate the court’s order not to disclose, such a procedure would have a chilling effect on informants’ willingness to cooperate with law enforcement. Informants begin from a base of fear. It is one thing for a prosecutor to be able to assure an informant that his identity will not be disclosed, except that he might be required to talk to a Judge, but it is quite another thing to tell the informant that he might have to talk to the defendant’s lawyers.
Since the purpose of the ex parte proceeding is to examine the informant in a manner that will not discourage informants from coming forward, it follows that if an ex parte proceeding is to be held, the defendant’s attorney has no right to sit in on that proceeding. In the event the hearing shows that the informant has information relevant to guilt or innocence, then, of course, his identity must immediately be made known to defense counsel.