■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE QUINONES, Appellant.—Judgment, Supreme Court, New York County (Edward McLaughlin, J.), rendered December 15, 1986, which, following a jury trial, convicted defendant of the criminal sale of a controlled substance in the fifth degree (Penal Law § 220.31) and sentenced him, as a predicate felony offender, to an indeterminate term of 2 to 4 years in prison, affirmed.

Defendant was convicted of the sale of Valium to an undercover police officer in a buy-and-bust operation on the Lower East Side of Manhattan in the afternoon of October 7, 1985. Defendant claimed that he was not a seller but merely the agent of the buyer and had merely aided the undercover officer, who appeared disheveled and on the verge of a seizure, to purchase the Valium. *(See,* cases involving an agency defense: *People v Argibay,* 45 NY2d 45 [1978]; *People v Lam Lek Chong,* 45 NY2d 64 [1978]; *People v Roche,* 45 NY2d 78 [1978].)

We reject the contention of the defendant that the People failed to disprove the defense of agency beyond a reasonable doubt and his further contention that the charge on "agency"

was erroneous or unfair. There was no objection to the court's initial charge on "agency" or to its additional charge following a note from the jury. As such, the present claim that the "agency" charge was prejudicial is unpreserved. (CPL 470.05 [2]; *People v Argibay,* 45 NY2d, *supra,* at 53.) Moreover, the charge as a whole was adequate and fair. The court correctly told the jury that it was giving guidelines to determine agency and not a rigid outline of what the jury should consider. The use of an example as part of those guidelines did not prejudice the defendant. Concur—Sullivan, Milonas and Smith, JJ.

Murphy, P. J., and Carro, J., dissent in a memorandum by Carro, J., as follows: Because the trial court gave the jury a supplemental charge and an unbalanced hypothetical illustration which both closely paralleled testimony heard during the case and which distorted the principles of the agency defense, preventing fair consideration by the jury of the defense asserted, I would reverse and remand for a new trial.

During deliberations, the jury requested, *inter alia,* "clarification of the agency defense." The court issued a supplemental charge and, *sua sponte,* offered the jury "an example for whatever it's worth of an agency situation using somebody named Smith and somebody named Jones and a bakery and a loaf of bread", and proceeded to give the following hypothetical:

"Suppose, hypothetically, that Mr. Jones asks his friend Smith to pick up a loaf of bread. Jones gives Smith 75 cents, I don't know where they live, but Jones gives Smith 75 cents to buy a loaf of bread for 75 cents. He brings the bread back to Mr. Jones and Jones gives him 10 cents. In this case Mr. Smith was Jones' agent. Smith was Jones' friend and neighbor. He sought no personal gain for himself and he was not connected with the bakery.

"On the other hand, *if Smith had not known Jones,* if he had met Jones and said that he could get a loaf of bread for Jones and if Jones had given Smith 10 cents in return for his services, *Smith would not be considered Jones' agent.* In the same fashion if Smith worked for the bakery or if he was paid by the baker or if he drummed up business for the baker or assisted the baker in any way, Smith would be a seller and not an agent" (emphasis added).

The court then added that the jury should consider whether the defendant had a prior relationship with the undercover officer, a friend or acquaintance, because, if he did, then the jury "might find it reasonable that defendant acted on behalf of the undercover officer to assist him."

As a general matter, hypothetical illustrations should be avoided because of the danger that they may divert the jury's attention and pose a danger of coercive influence and prejudice the defendant. *(See, People v Hommel,* 41 NY2d 427, 429-430 [1977]; *People v Davis,* 73 AD2d 693 [2d Dept 1979].)* In the instant case, the court's hypothetical regarding a friend or neighbor acting as an agent by buying bread from the bakery presented this danger and, in addition, completely disregarded the "general caution" of the CJI pattern jury instructions which states: *"In giving any example or illustration, the court should not use any example or illustration which bears any factual similarity to the case on trial."* (1 CJI[NY] 9.05, at 472.)

The court's supplemental charge and hypothetical could only have muddied the waters for the jury regarding the agency issue and rendered it impossible for the jury to acquit defendant, based upon the defense asserted, even were it to fully credit his testimony. *(Cf., People v Hodge,* 141 AD2d 843 [2d Dept 1988] [hypothetical in supplemental charge should have been avoided but was not coercive or diversionary].)* While a jury "may consider the nature and extent of the relationship between the defendant and buyer" *(People v Lam Lek Chong,* 45 NY2d 64, 75 [1978]), the hypothetical herein mandated a finding of guilt, since defendant testified that he was neither a friend nor neighbor of the undercover police officer on whose behalf defendant alleged that he acted.

Furthermore, the court's supplemental instruction and accompanying hypothetical flew in the face of the well-established rule that simply because an agent does not act gratuitously, his acts would not necessarily be inconsistent with the defense of agency. *(People v Roche,* 45 NY2d 78, 85 [1978].)* Indeed, the "receipt of some incidental benefit, does not necessarily or even ordinarily alter the relationship between the parties, the nature of the transaction or the defendant's culpability." *(People v Lam Lek Chong,* 45 NY2d, *supra,* at 75.)*

A proper and far more illuminating supplemental charge, which would have included the elements of the agency defense, would have been to tell the jury that it may consider the following factors, without directing any findings of fact: "(1) did the defendant act as a mere extension of the buyer throughout the relationship, with no independent desire to promote the transaction; (2) was the purchase suggested by the buyer; (3) did the defendant have any previous acquaintance with the seller; (4) did the defendant exhibit any salesmanlike behavior; (5) did the defendant use his own funds; (6)

did the defendant procure from many sources for a single buyer; (7) did the buyer pay the seller directly; (8) did the defendant stand to profit; and (9) was any reward promised in advance." *(People v Gonzales,* 66 AD2d 828 [2d Dept 1978].)

While defendant did not except to either the erroneous supplemental charge or to the unbalanced hypothetical, agency was the sole issue in the case herein and the charge errors were of such magnitude that they deprived defendant of a fair trial; accordingly, the conviction should be reversed as a matter of discretion in the interest of justice. (CPL 470.15 [3] [c]; *see, People v Rodriguez,* 56 AD2d 545 [1st Dept 1977].)