OPINION OF THE COURT
Frederic S. Berman, J.
At a trial for kidnapping in the first degree, robbery in the first and second degrees and burglary in the first degree, the issue presented is whether or not an alleged threat by one of the defendants to a prosecution witness is admissible as evidence of consciousness of guilt.
The crimes charged against the three defendants allegedly occurred within a 24-hour period commencing June 30, 1977.
At the time of the commencement of the trial in February, 1979, the District Attorney made an application to the court, seeking to revoke the bail of the defendant, Aníbal Caballero, *683 on the grounds that in December, 1978 (approximately a year and a half after the alleged crimes) the said defendant allegedly threatened one of the prosecution witnesses in order to prevent him from testifying at the trial.
Because of the serious nature of this allegation, the court conducted a hearing at which both the witness and the said defendant testified under oath. At the conclusion of the hearing, the court ruled that the facts adduced did not warrant granting the People’s application which was denied with appropriate warnings to all three defendants to avoid contact with any of the People’s witnesses.
At the trial, the People attempted to introduce, in its direct examination of the witness, testimony regarding the alleged threat of the defendant, Caballero as evidence of "consciousness of guilt”. All three defendants objected to the testimony on the grounds that it would unduly prejudice the defendants, and prevent each of them from receiving a fair trial. The defendants Cintron and Diaz additionally urged particular prejudice to them since it was conceded that they had not participated in the alleged threat.
Acts of conduct constituting "consciousness of guilt” have long been universally accepted as appropriate evidence in a criminal case. (See 2 Wigmore, Evidence [3d ed], §§ 276, 278.)
In New York, "[a]ny conduct of the accused indicative of consciousness of guilt, and hence of guilt, is admissible against him. It has been said that 'The demeanor, conduct and acts of a person charged with crime, such as attempted flight, a desire to elude discovery, an anxiety to conceal the crime, or the evidence of it, are always proper subjects of consideration, as indicative of a guilty mind, and in determining the question of guilt or innocence of the person charged.’ People v. Place, 157 N. Y. 584, 598, 52 N. E. 576, 581.” (Richardson, Evidence [10th ed], § 220; see, also, § 167.)
The cases, however, "have consistently acknowledged the weakness of this type of evidence” when unsupported "by other proof of a truly substantial character.” (People v Leyra, 1 NY2d 199, 209.) This is required because "an innocent man, when placed by circumstances in a condition of suspicion and danger, may resort to deception in the hope of avoiding the force of such proofs.” (Commonwealth v Webster, 59 Mass 295, quoted in People v Leyra, supra.)
While the courts of this State have frequently accepted as evidence of "consciousness of guilt” such conduct as an ac *684 cused’s attempts to flee, or to resist arrest, or concealment, there is a surprising paucity of case authority with respect to threats made by an accused to his accuser.
In People v Davis (43 NY2d 17) the Court of Appeals upheld a Trial Judge’s decision to keep from the jury evidence of an attempt by one of the parties to corrupt a witness. In his opinion Judge Cooke stated that while such evidence is relevant and admissible, relevance is not always enough.
"[E]ven if the evidence is proximately relevant, it may be rejected if its probative value is outweighed by the danger that its admission would prolong the trial to an unreasonable extent without any corresponding advantage; or would confuse the main issue and mislead the jury; or unfairly surprise a party; or create substantial danger of undue prejudice to one of the parties.” (Richardson, Evidence [10th ed], § 147.)
Although evidence of a defendant having threatened a witness, under certain circumstances, may be probative of the defendant’s guilt of the underlying charges, the court must consider whether the probative value in this case would be outweighed by creating substantial danger of undue prejudice to one or more of the defendants.
One of the crimes charged herein, kidnapping in the first degree, is a class A-l felony, which subjects a convicted defendant to the most stringent and severe penalties that the sentencing laws of this State permit.
The evidence in this case is based primarily upon the testimony of two cousins, both of whom were victimized. One of the those witnesses, Victor Cruz, had a close personal relationship with the defendant, Toribio Cintron.
To permit the introduction of testimony of an alleged threat to the witness, Cruz, by the defendant, Caballero, which, admittedly, did not occur, if at all, until nearly a year and a half after the crimes, invites the possibility of the defendant, Caballero, being required to introduce evidence to disprove the threat, thereby drawing the jury’s attention away from the primary issues relating to the kidnapping and robbery charges.
The fact that there are three defendants in this case makes the question of prejudice all the more complicated. It is conceded that the alleged threat was made only by one of the accused, the defendant Caballero. There is neither any evi *685 dence nor any reason to believe that the other two defendants, Cintron and Diaz, had anything to do with the alleged threat.
Would not, therefore, the introduction of the testimony of such threat likely have a potentially devastating effect upon the ability of the defendants Cintron and Diaz to have a fair trial, notwithstanding any curative instruction the court might give to the jury as to how and against whom it might be considered by them?
In attempting to balance the equities owing by the court to insure each side a fair trial, the court has concluded that, based on all of the foregoing, the danger of undue prejudice to one or more of the defendants as a result of the introduction of such evidence of a threat outweighs any probative value which might accrue to the prosecution.
The People are, therefore, precluded from offering any testimony during the direct examination of its witness, Victor Cruz, relating to an alleged threat made to Cruz by the defendant, Caballero, in December, 1978.