OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed. Though we have considered all of the points raised by defendant we do not find sufficient merit in any of them other than whether the confidential informant should have been produced by the People to require discussion.
 

 The informant, Avis Burns, was known to defendant for more than a year prior to trial. Though the Assistant District Attorney in charge of the matter during the early stages told defendant’s attorney that the People intended to call Ms. Burns as a witness, defendant’s attorney learned early in the trial that the assistant then in charge did not intend to call her. Furthermore, defendant, present on the first day of the trial, did not appear on the second day and was not thereafter present as the trial proceeded, nor were his whereabouts known.
 

 To be weighed by the Trial Judge in determining whether to order production of a confidential informer is whether the demand is a trial strategem only or is, indeed, for the purpose of putting before the jury testimony that will be relevant and helpful to the defense
 
 (People v Jenkins,
 
 41 NY2d 307;
 
 United States v Turbide,
 
 558 F2d 1053; see
 
 People v Goggins,
 
 34 NY2d 163). Here defendant’s áttorney’s request for production was not made until shortly before the close of the People’s case. The timing of the request, considered in the light of defendant’s absence from the trial, is suggestive more of a ploy than a bona fide demand.
 

 Moreover, defendant’s attorney’s demand was not phrased in terms of the relevant exculpatory testimony he expected Ms. Burns to give, but rather indicated only that he wanted to interview her to determine whether she should be called. The trial testimony showed that she was involved in two transac
 
 *746
 
 tions. The first took place on December 18, 1973 and was a $250 cocaine sale in her apartment. She introduced defendant and the undercover officer and then went into an adjoining room, from which she could see defendant and the undercover officer from a distance. The second took place on January 22, 1974 where Ms. Burns was employed, but the sale itself occurred in the men’s room, wholly outside her presence, and all that occurred in her presence was that defendant placed a pink bag behind her purse which was sitting on the bar. Defendant argues also that her testimony was relevant to identification as well as to her own credibility, she having strong motive to falsify because she had been arrested on a narcotics violation and was under threat of a life sentence.
 

 We agree with the Trial Judge that materiality and relevance sufficient to require production of the informant had not been shown. While defendant now urges that Ms. Burns could have testified as to the first sale concerning whether he knew what the content of the package he delivered to the undercover officer was, no such contention was presented to the trial court. In all other respects the role of Ms. Burns in the two sale transactions was minor and her "testimony was hardly essential to a fair trial”
 
 (United States v Turbide, supra,
 
 at p 1061). The possible sentences which could have been imposed had Ms. Burns not co-operated were fully explored in the testimony of Officer Lopez, who arrested her, and were reviewed in the Judge’s charge to the jury. Finally, on this record there cannot be said to have been any real issue as to identification.
 

 Accordingly, the order of the Appellate Division should be affirmed.
 

 Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur.
 

 Order affirmed in a memorandum.