█ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DOUGLAS WELCH, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Owens, J.), rendered February 28, 1980, as amended by a resentence imposed April 29, 1980, convicting him of criminal sale of a controlled substance in the second degree, upon a jury verdict, and imposing sentence. Judgment, as amended, reversed, as a matter of discretion in the interest of justice, and new trial ordered. At trial, the undercover officer testified, in pertinent part, that on November 2, 1978, he and a confidential

informant proceeded to a bar known as the Elbow Room for a prearranged meeting to purchase cocaine from the appellant. According to the officer, the sale occurred in the men's room, in the presence of the confidential informant. A tape of the transaction, recorded from a Nagra unit attached to the under-cover officer's body, was admitted into evidence and played for the jury. The officer's testimony was corroborated in part by members of the backup team, who testified that they had seen the undercover officer and the informant enter the bar, and emerge approximately 20 minutes later. After rendezvousing at the precinct, the undercover officer produced a plastic bag containing cocaine. On February 21, 1979 members of the backup team arrested appellant, and an indictment charging appellant with criminal sale of a controlled substance in the second degree and criminal possession of a controlled substance in the third and fifth degrees was filed on March 1, 1979. Approximately one and one-half to two months after his arrest, the indicted appellant telephoned Tannazzo, expressing an interest in co-operating with the police as a confidential informant. Detective Tannazzo and members of the narcotic investigation team met appellant in his girlfriend's apartment and questioned him concerning his knowledge of narcotic trafficking. According to Detective Tannazzo, appellant stated, as one of the conditions for his co-operation, that he wanted to work with the undercover officer who bought from him, because if he did not suspect the undercover, no one else would realize that the undercover was a policeman. Due to that condition, the police chose not to enlist appellant's aid. Tannazzo testified that he did not question appellant about the sale which resulted in his arrest; however, prior to the interview, appellant was read the *Miranda* warnings. A defense witness, Darlene Hubbard, employed as a barmaid at the Elbow Room, testified that appellant was not present in the bar at the time of the alleged sale, having departed earlier that afternoon. She knew appellant because he was employed at the bar as a porter, but he worked a different shift. According to Hubbard, she recalled the date because appellant had informed her that he was leaving to attend a birthday party for a girlfriend hospitalized in Staten Island and he repeatedly asked directions on how to get to the designated location by public transportation. On appeal, appellant contends that his postindictment statement was erroneously admitted into evidence by the trial court in violation of his Sixth Amendment right to counsel. We agree. "[I]t has been made explicit that a waiver by a person against whom formal criminal proceedings have been commenced will be ineffectual in the absence of counsel" *(People v Skinner,* 52 NY2d 24, 29). In the case where defendant has been indicted, the right to counsel is said to have "indelibly attached" — i.e., there can be no effective waiver of counsel unless made in the presence of counsel *(People v Settles,* 46 NY2d 154, 165, 166; *People v Samuels,* 49 NY2d 218). Additionally, with formal commencement, the defendant is treated as if an attorney has entered the proceedings on his behalf (see *People v Settles, supra,* p 166; *People v Skinner, supra,* p 31). The fact appellant was not in custody at the time of the interrogation, the subject of which was "inextricably interwoven" with the criminal charges, is not control-ling (see *People v Skinner, supra; People v Townes,* 41 NY2d 97, 104; *People v Roberson,* 41 NY2d 106). "The motivations of the police in conducting the interrogation are immaterial, for the impact on the right to counsel is the same. That right is rendered illusory if the State's agents are permitted to subject an individual represented by counsel to questioning in a noncustodial setting" *(People v Skinner, supra,* p 32). A valid waiver of the right to counsel is not established because appellant initiated the postindictment interview (see *People v Maerling,* 46 NY2d 289, 303; *People v Townes, supra; People v Roberson, supra).* The subject matter of the interview and the reading of the *Miranda* warnings prior to the interview negate any serious contention that

the statement was not the product of an interrogation. Under the circumstances, appellant's postindictment statement can be said to have been triggered by police conduct which should reasonably have been anticipated to evoke a declaration from appellant, constituting an interrogation. Based on this record, the error in admitting the postindictment statement is not harmless beyond a reasonable doubt (see *People v Crimmins,* 36 NY2d 230). We note, additionally, that it was not an abuse of discretion to deny appellant's request to interview the confidential informant (see *People v Perez,* 48 NY2d 744; *People v Lloyd,* 55 AD2d 171, affd 43 NY2d 686). We have reviewed appellant's other arguments and find them to be without merit. Hopkins, J. P., Mangano, Gulotta and Margett, JJ., concur.