■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HECTOR LOZADA, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Beldock, J.), rendered September 15, 1981, convicting him of criminal sale of a controlled substance in the first degree and criminal possession of a controlled substance in the first degree, upon a jury verdict, and imposing sentence.

Judgment reversed, on the law, and new trial ordered.

At the trial of this sale and possession case, the People relied heavily on the testimony of an undercover officer who testified that on October 12, 1979, he and a confidential informant visited the defendant at his apartment where the officer purchased approximately four ounces of cocaine from the defendant. According to the officer, the confidential informant was in the bathroom and kitchen area at the time of the transaction and was, therefore, not an actual witness, but he "could know what was going on". A member of the backup team testified that the undercover officer and the informant entered the apartment building together and emerged sometime later with a package found to contain cocaine. Defendant testified that he was introduced to the confidential informant by his brother-in-law, and

the undercover officer was introduced as the informant's cousin. According to the defendant, these visitors asked him to repair the undercover officer's car but he replied that he could not do so until the rain stopped. While waiting for this to occur, the confidential informant remained in the apartment and the undercover officer went to the grocery store. Since it was still raining when the undercover officer returned, the men left, saying they could not wait any longer. So, while defendant acknowledged that the informant and the undercover officer were present in his apartment on the day in question, he denied that the transaction occurred. The confidential informant did not testify at the trial, and the prosecutor claimed he was residing in another State and was no longer under the People's control.

On appeal, defendant argues that the trial court erred. in denying his motion to dismiss the indictment for failure to produce the informant. Under the standard enunciated in *People v Goggins* (34 NY2d 163, cert den 419 US 1012), the crucial factor to be considered is the relevance of the informant's testimony to the guilt or innocence of the accused.

In this case, defendant failed to establish a need for disclosure and production of the informant since the informant's role in the sale was minimal (see *People v Martinez,* 54 NY2d 723; *People v Perez,* 48 NY2d 744). While the informant introduced the undercover officer to the seller, he did not witness or otherwise participate in the sale (see *People v Colon,* 39 NY2d 872; *People v Lee,* 39 NY2d 388; *People v Lloyd,* 55 AD2d 171, affd 43 NY2d 686). His minor participation differs considerably from that of the informant in *People v Canales* (75 AD2d 875), who witnessed the weighing of narcotics and counting of money. Furthermore, defendant offered no alibi or other significant defense (see *People v Brown,* 34 NY2d 163; *People v Lloyd, supra*), and the identification issue was not close (see *People v Pena,* 37 NY2d 642).

Nevertheless, a new trial is required because of certain improper comments made by the prosecutor in summation concerning threats made by the defendant against prospective witnesses. Although under certain circumstances evidence of threats against a witness may establish "consciousness of guilt" and be admissible against an accused (*People v Davis,* 43 NY2d 17, cert den 435 US 998; *People v Caballero,* 98 Misc 2d 682), here the prosecutor asked the defendant whether he had threatened the lives of witnesses and received a negative response. No evidence was adduced to controvert this answer. It is a basic proposition that the prosecutor, in summing up, must stay

within "the four corners of the evidence" (*Williams v Brooklyn El. R. R. Co.,* 126 NY 96, 103; *People v Ashwal,* 39 NY2d 105, 109) and reference may not be made to matters not in evidence (*People v Ashwal, supra,* pp 109-110).

The prosecutor's speculation, in his summation, that threats made by the defendant were responsible for the absence of the confidential informant, was clearly prejudicial error. A prosecutor may not speculate or suggest any reason for the absence of a witness where no evidence on that subject has been produced and where the reason suggested is not inferable from the evidence (*People v Ashwal, supra,* p 110; *People v Ochoa,* 86 AD2d 637; *People v Taylor,* 98 Misc 2d 163).

We have examined defendant's remaining points raised on this appeal and find them to be without merit. Lazer, J. P., Bracken, Weinstein and Niehoff, JJ., concur.