The trial court's denial of that branch of the defendant's omnibus motion which was to suppress statements was proper, inasmuch as the record reflects a knowing, intelligent and voluntary waiver of his *Miranda* rights. The defendant's present challenge to the admissibility of those statements, made for the first time on this appeal, is presented upon an insufficient record, and, therefore, is not reviewable *(see, People v Kinchen,* 60 NY2d 772).

We have examined the defendant's remaining contentions and find them to be either unpreserved *(see, People v Thomas,* 50 NY2d 467, 472), or without merit *(see, People v Contes,* 60 NY2d 620, 621; *People v Suitte,* 90 AD2d 80, 86-87; *People v Raja,* 77 AD2d 322, 325). Niehoff, J. P., Kunzeman, Kooper and Sullivan, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NANDY SANTIAGO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Zelman, J.), rendered July 18, 1984, convicting him of burglary in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

We have reviewed the record and agree with the defendant's assigned counsel that there are no meritorious issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted *(see, Anders v California,* 386 US 738; *People v Paige,* 54 AD2d 631; *cf. People v Gonzalez,* 47 NY2d 606). Thompson, J. P., Niehoff, Weinstein, Kunzeman and Spatt, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD SAWYER, Appellant.—Appeal by the defendant from a judgment of the County Court, Orange County (King, J.), rendered September 14, 1984, convicting him of attempted murder in the second degree, assault in the second degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

During his summation the prosecutor improperly commented on evidence which had been stricken from the record *(see, People v Ashwal,* 39 NY2d 105, 109-110; *People v Lozada,* 104 AD2d 663). However, in view of the overwhelming evidence of the defendant's guilt, we find that reversal is unwarranted *(see, People v Crimmins,* 36 NY2d 230). Mollen, P. J., Thompson, Weinstein and Rubin, JJ., concur.